UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. STUCKEY, JR., Plaintiff | ) |
| v. | ) C.A. No. CA 07 310 |
| CIGNA CORPORATION, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC. & JOHN DOE, Defendants | ) |

**NOTICE OF REMOVAL**

Defendant Cigna Corporation[1] ("Cigna") files this Notice of Removal pursuant to 28 U.S.C. §1446.

1. On or about July 24, 2007, plaintiff William J. Stuckey, Jr. initiated this action in the Providence County, Rhode Island Superior Court. Plaintiff asserts claims against Cigna for negligence, "breach of good faith and fair dealing," breach of fiduciary duty, breach of contract and unjust enrichment. Plaintiff's Superior Court complaint is appended hereto as Exhibit A.

2. Cigna was served with the summons and complaint on August 1, 2007.

3. No pleadings have been filed by Cigna or any other defendant.

4. The complaint alleges that plaintiff is a Rhode Island resident.

5. Cigna is foreign corporation with a principal place of business outside of the State of Rhode Island.

---

[1] Plaintiff and Cigna Corporation have agreed that Cigna Corporation is not a correct party and that Connecticut General Life Insurance Company (CGLIC) shall be substituted as the insuring defendant. CGLIC is neither incorporated nor maintains its principal place of business in Rhode Island.

6. Defendant "Bridgestone Americas Holding, Inc. f/k/a Bridgestone/Firestone Americas Holding, Inc." is alleged to be a Nevada corporation (Complaint, ¶3); its principal place of business, on information and belief, is outside of the State of Rhode Island.

7. The defendant "John Doe" has, on information and belief, neither been identified nor served with process.

8. Plaintiff seeks damages and attorneys' fees in excess of seventy-five thousand dollars ($75,000) and therefore satisfies the minimum amount in controversy requirement as set forth in 28 U.S.C. § 1332.

9. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and the parties are citizens of different states.

10. Further, this Court may have jurisdiction over this case pursuant to 28 U.S.C. §1331 to the extent that plaintiff's claims are preempted by or subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. Plaintiff seeks coverage under a "group universal life plan." He alleges he was afforded an opportunity to enroll by virtue of, initially, his "employee status" with defendant Bridgestone/Firestone, and subsequently, as a "retiree" of that employer.

11. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b), specifically, it is hereby filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable…."

12. Defendant "Bridgestone Americas Holding, Inc. f/k/a Bridgestone/Firestone Americas Holding, Inc." has been informed of and consents to the filing of this Notice of Removal.

13. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

14. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Providence County Superior Court.

WHEREFORE, defendant Cigna Corporation prays that this action stand removed from the Providence County Superior Court of Rhode Island to this Court.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant
CIGNA Corporation
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [fax]
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Date: August 16, 2007

## CERTIFICATE OF SERVICE

TO:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the 16th day of August, 2007.