STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

WILLIAM J. STUCKEY, JR.

V.

CIGNA CORPORATION,
BRIDGESTONE AMERICAS HOLDING, INC.
f/k/a BRIDGESTONE/FIRESTONE AMERICAS
HOLDING, INC. &
JOHN DOE

C.A. No. PC 07- 3788

# COMPLAINT

## Facts common to all counts

1. Plaintiff, William J. Stuckey, Jr., at all material times hereto, was a resident of the Town of North Providence, State of Rhode Island.

2. Defendant, CIGNA Corporation (hereinafter referred to as "CIGNA") at all material times hereto, was a Delaware corporation that conducted business in the State of Rhode Island.

3. Defendant, Bridgestone Americas Holding, Inc. f/k/a Bridgestone/Firestone Americas Holding, Inc., at all material times hereto, was a Nevada corporation that conducted business in the State of Rhode Island (hereinafter referred to as "Bridgestone/Firestone").

4. Defendant, John Doe, is a corporation or business entity subject to this State's jurisdiction.

5. On or about August 23, 1971, Plaintiff began employment at Bridgestone/Firestone.

6. On or about October 1, 2002, Plaintiff retired from his employment at Bridgestone/Firestone.

7. During his employment at Bridgestone/Firestone, Plaintiff purchased through payroll deductions a voluntary group universal life insurance policy from Johnson & Higgins, Inc.

8. The voluntary group universal insurance policy purchased by Plaintiff was transferred from Johnson and Higgins, Inc. to CIGNA effective January 1, 1998.

9. On or about July, 1998, Plaintiff moved from Slatersville, Rhode Island to North Providence, Rhode Island.

Filed 7-24-07 JSC

10. Plaintiff informed his employer, Bridgestone/Firestone, of his change in address. Subsequent to that date, Plaintiff received mailings from Bridgestone/Firestone at his North Providence, Rhode Island address.

11. Upon his retirement from employment at Bridgestone/Firestone, Plaintiff completed an enrollment change form for the CIGNA group universal life plan to indicate his retirement from the company.

12. Plaintiff never received any correspondence or premium notices from CIGNA following his retirement.

13. On or about October 17, 2003, Plaintiff contacted CIGNA about the status of his group life insurance policy and was advised the policy lapsed due to non-payment of the premium.

14. Plaintiff was informed by CIGNA that mailings sent to Plaintiff had been returned to CIGNA as not deliverable as the mailings did not have his correct address.

15. Plaintiff requested reinstatement of the CIGNA policy, and was subjected to a medical examination by CIGNA.

16. On or about July 27, 2004, Plaintiff was advised by CIGNA that his request for reinstatement of his group life insurance policy was denied because he was found to have diabetes.

17. The amount in controversy is sufficient to invoke the jurisdiction of the superior court.

**COUNT I**
**(Negligence Bridgestone Americas Holding, Inc.**
**f/k/a Bridgestone/Firestone Americas Holding, Inc.)**

18. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 as if they are fully set forth herein.

19. At all material times herein, Bridgestone/Firestone had a duty to exercise that degree of diligence required of the average employer when compiling, retaining and transmitting the personal information of its employees.

20. Bridgestone/Firestone breached its duty to Plaintiff in failing to transmit Plaintiff's correct personal information to CIGNA.

21. As a direct and proximate result of the negligence of Bridgestone/Firestone, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Bridgestone/Firestone in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT II**
**(Breach of Duty of Good Faith and Fair Dealing Bridgestone Americas Holding, Inc. f/k/a Bridgestone/Firestone Americas Holding, Inc.)**

22. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 21 as if they are fully set forth herein.

23. At all material times herein, Bridgestone/Firestone had a duty to deal with its employees in good faith and fair dealing when compiling, retaining and transmitting the personal information of its employees.

24. Bridgestone/Firestone breached its duty to Plaintiff in failing to transmit Plaintiff's correct personal information to CIGNA.

25. As a direct and proximate result of the breach of the duty of good faith and fair dealing of Bridgestone/Firestone, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Bridgestone/Firestone in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT III**
**(Breach of Fiduciary Duty Bridgestone Americas Holding, Inc. f//k/a Bridgestone/Firestone Americas Holding, Inc.)**

26. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 25 as if they are fully set forth herein.

27. At all material times herein, Bridgestone/Firestone had a fiduciary duty to its employees when compiling, retaining and transmitting the personal information of its employees.

28. Bridgestone/Firestone breached its duty to Plaintiff in failing to transmit Plaintiff's correct personal information to CIGNA.

29. As a direct and proximate result of breach of fiduciary duty of Bridgestone/Firestone, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands judgment Bridgestone/Firestone in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT IV**
**(Negligence CIGNA Corporation)**

30. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 29 as if they are fully set forth herein.

31. At all material times herein, CIGNA had a duty to exercise that degree of diligence required of the average insurance company when compiling, retaining and transmitting the personal information of its insureds.

32. CIGNA breached its duty to Plaintiff in failing to verify Plaintiff's correct mailing address and failing to update its records and as a result mailed Plaintiff's correspondence and premium notices to the wrong address.

33. As a direct and proximate result of the negligence of CIGNA, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands that CIGNA be required to reinstate Plaintiff's group life insurance policy, that judgment be entered against CIGNA in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT V**
**(Breach of Good Faith and Fair Dealing CIGNA Corporation)**

34. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 33 as if they are fully set forth herein.

35. At all material times herein, CIGNA had a duty to deal with its insureds in good faith and fair dealing when compiling, retaining and transmitting the personal information of its insureds.

36. CIGNA breached its duty to Plaintiff in failing to verify Plaintiff's correct mailing address and failing to update its records and as a result mailed Plaintiff's correspondence and premium notices to the wrong address.

37. As a direct and proximate result of the negligence of CIGNA, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands that CIGNA be required to reinstate Plaintiff's group life insurance policy, that judgment be entered against CIGNA in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT VI**
**(Breach of Fiduciary Duty CIGNA Corporation)**

38. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 37 as if they are fully set forth herein.

39. At all material times herein, CIGNA had a fiduciary duty to its insureds when compiling, retaining and transmitting the personal information of its insureds.

40. CIGNA breached its duty to Plaintiff in failing to verify Plaintiff's correct mailing address and failing to update its records and as a result mailed Plaintiff's correspondence and premium notices to the wrong address.

41. As a direct and proximate result of breach of fiduciary duty of CIGNA, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands that CIGNA be required to reinstate Plaintiff's group life insurance policy, that judgment be entered against CIGNA in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT VII**
**(Breach of Contract CIGNA Corporation)**

42. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 41 as if they are fully set forth herein.

43. At all material times herein, CIGNA issued a voluntary group life insurance policy to Plaintiff for which Plaintiff paid premiums through payroll deduction.

44. When Plaintiff retired from his employment with Bridgestone/Firestone and the voluntary group life insurance policy was converted to a direct pay policy, CIGNA failed to verify Plaintiff's correct mailing address and failed to update its records and as a result mailed Plaintiff's correspondence and premium notices to the wrong address.

45. CIGNA's failure to verify its records and Plaintiff's mailing address was a breach of the contract between Plaintiff CIGNA.

46. As a direct and proximate result of breach of contract of CIGNA, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands that CIGNA be required to reinstate Plaintiff's group life insurance policy, that judgment be entered against CIGNA, in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT VIII**
**(Unjust Enrichment CIGNA Corporation)**

47. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 46 as if they are fully set forth herein.

48. At all material times herein CIGNA issued a voluntary group life insurance policy to Plaintiff for which Plaintiff paid premiums through payroll deduction.

49. CIGNA has refused to reinstate Plaintiff's group life insurance policy

50. CIGNA has been unjustly enriched to the detriment of Plaintiff.

WHEREFORE, demands that CIGNA be required to reinstate Plaintiff's group life insurance policy, that judgment be entered against CIGNA in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**Count IX**
**(Breach of Contract Bridgestone/Firestone)**

51. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 50 as if they are fully set forth herein.

52. At all material times herein, Bridgestone/Firestone had a contractual obligation to accurately compile, retain and transmit the personal information of its employees.

53. Bridgestone/Firestone breached this contractual obligation.

54. As a direct and proximate result of the breach of contract of Bridgestone/Firestone, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Bridgestone/Firestone in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**COUNT X**
**(Negligence John Doe)**

55. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 54 as if they are fully set forth herein.

56. At all material times herein, John Doe had a duty to exercise that degree of diligence required of the average insurance company when compiling, retaining and transmitting the personal information of insureds.

57. John Doe breached its duty to Plaintiff in failing to verify Plaintiff's correct mailing address and failing to update its records.

58. As a direct and proximate result of the negligence of John Doe, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands that judgment be entered against John Doe in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

**Count XI**
**(Breach of Contract John Doe)**

59. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 58 as if they are fully set forth herein.

60. At all material times herein, John Doe had a contractual obligation to accurately compile, retain and transmit personnel information.

61. John Doe breached this contractual obligation.

62. As a direct and proximate result of the breach of contract of John Doe, Plaintiff has suffered and will continue to suffer a substantial monetary loss and expenses and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against John Doe in an amount to fully compensate him for his damages, together with attorney's fees, interest and costs, and for such other relief as this Honorable Court may deem fair and just.

Plaintiff,
William J. Stuckey, Jr.
By his Attorneys,

Carl S. Levin, Esq. # 3336
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, RI 02903
(401) 751-1500
(401) 751-4124 (fax)
clevin@agglaw.com

DATED: 7/23/07