**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. STUCKEY, JR.,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**CIGNA CORPORATION, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC. & JOHN DOE,**<br>**Defendants.** | : | **C.A. NO.: 07-310-L** |

**ANSWER OF DEFENDANT BRIDGESTONE AMERICAS HOLDING, INC.**

Defendant Bridgestone Americas Holding, Inc. ("BSAH") answers the Complaint (the "Complaint") of William J. Stuckey, Jr. ("Plaintiff") as follows:

**FACTS COMMON TO ALL COUNTS**

1. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.

2. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2.

3. In response to the averments in Paragraph 3, BSAH admits that it is a Nevada Corporation and denies the remaining averments.

4. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4.

5. In response to the averments in Paragraph 5, BSAH denies that Plaintiff worked for it or its predecessor, but admits that Plaintiff worked for a different Bridgestone entity, BFS Retail and Commercial Operations, LLC ("BFRC") and predecessors, and that his employment began on or about August 23, 1971.

6. BSAH admits the averments in Paragraph 6, with the clarification that Plaintiff retired from his employment with BFRC, as he was never employed by BSAH.

7. In response to the averments in Paragraph 7, BSAH admits that during Plaintiff's employment with BFRC, he purchased a voluntary group universal life insurance policy from Johnson & Higgins, Inc., which Plaintiff paid for in whole or in part for some period of time through payroll deductions, and otherwise denies the averments.

8. In response to the averments in Paragraph 8, BSAH is without knowledge or information sufficient to form a belief as to the truth of the averment relating to the precise effective date of the transfer referenced and admits the remaining averments.

9. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9.

10. In response to the averments in Paragraph 10, BSAH denies that it was Plaintiff's employer and admits the remaining averments.

11. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11.

12. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12.

13. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14.

15. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. BSAH is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16.

17. BSAH admits the averments in Paragraph 17.

## COUNT I
## (NEGLIGENCE BRIDGESTONE AMERICAS HOLDING, INC. f/k/a BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC.)

18. BSAH restates its answers to Paragraphs 1 through 17 as if set forth fully herein.

19. The averments in Paragraph 19 are pure conclusions of law to which no response from BSAH is necessary. To the extent that a response is deemed necessary, BSAH denies the averments in Paragraph 19.

20. BSAH denies the averments in Paragraph 20.

21. BSAH denies the averments in Paragraph 21.

**COUNT II**
**(BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING BRIDGESTONE AMERICAS HOLDING, INC. f/k/a BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC.)**

22. BSAH restates its answers to Paragraphs 1 through 21 as if set forth fully herein.

23. The averments in Paragraph 23 are pure conclusions of law to which no response from BSAH is necessary. To the extent that a response is deemed necessary, BSAH denies the averments in Paragraph 23.

24. BSAH denies the averments in Paragraph 24.

25. BSAH denies the averments in Paragraph 25.

**COUNT III**
**(BREACH OF FIDUCIARY DUTY BRIDGESTONE AMERICAS HOLDING, INC. f/k/a BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC.)**

26. BSAH restates its answers to Paragraphs 1 through 25 as if fully set forth herein.

27. The averments in Paragraph 27 are pure conclusions of law to which no response from BSAH is necessary. To the extent that a response is deemed necessary, BSAH denies the averments in Paragraph 27.

28. BSAH denies the averments in Paragraph 28.

29. BSAH denies the averments in Paragraph 29.

**COUNT IV**
**(NEGLIGENCE CIGNA CORPORATION)**

30. BSAH restates its answers to Paragraphs 1 through 29 as if set forth fully herein.

31. The averments in Paragraph 31 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

32. The averments in Paragraph 32 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

33. The averments in Paragraph 33 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

**COUNT V**
**(BREACH OF GOOD FAITH AND FAIR DEALING CIGNA CORPORATION)**

34. BSAH restates its answers to Paragraphs 1 through 33 as if set forth fully herein.

35. The averments in Paragraph 35 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

36. The averments in Paragraph 36 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

37. The averments in Paragraph 37 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

**COUNT VI**
**(BREACH OF FIDUCIARY DUTY CIGNA CORPORATION)**

38. BSAH restates its answers to Paragraphs 1 through 37 as if set forth fully herein.

39. The averments in Paragraph 39 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

40. The averments in Paragraph 40 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

41. The averments in Paragraph 41 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

**COUNT VII**
**(BREACH OF CONTRACT CIGNA CORPORATION)**

42. BSAH restates its answers to Paragraphs 1 through 41 as if set forth fully herein.

43. The averments in Paragraph 43 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

44. The averments in Paragraph 44 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

45. The averments in Paragraph 45 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

46. The averments in Paragraph 46 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

**COUNT VIII**
**(UNJUST ENRICHMENT CIGNA CORPORATION)**

47. BSAH restates its answers to Paragraphs 1 through 46 as if set forth fully herein.

48. The averments in Paragraph 48 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

49. The averments in Paragraph 49 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

50. The averments in Paragraph 50 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

**COUNT IX**
**(BREACH OF CONTRACT BRIDGESTONE/FIRESTONE)**

51. BSAH restates its answers to Paragraphs 1 through 50 as if set forth fully herein.

52. BSAH denies the averments in Paragraph 52.

53. BSAH denies the averments in Paragraph 53.

54. BSAH denies the averments in Paragraph 54.

**COUNT X**
**(NEGLIGENCE JOHN DOE)**

55. BSAH restates its answers to Paragraphs 1 through 54 as if set forth fully herein.

56. The averments in Paragraph 56 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

57. The averments in Paragraph 57 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

58. The averments in Paragraph 58 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

**COUNT XI**
**(BREACH OF CONTRACT JOHN DOE)**

59. BSAH restates is answers to Paragraphs 1 through 58 as if set forth fully herein.

60. The averments in Paragraph 60 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

61. The averments in Paragraph 61 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

62. The averments in Paragraph 62 relate solely to a Defendant other than BSAH, and so no response from BSAH is necessary.

63. All averments not specifically admitted are denied.

**ADDITIONAL DEFENSES**

For its additional defenses, BSAH avers, without assuming any burden of proof that would otherwise rest on Plaintiff, as follows:

**FIRST ADDITIONAL DEFENSE**

The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim against BSAH upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's claims are barred in part by the applicable statutes of limitation.

**THIRD ADDITIONAL DEFENSE**

BSAH denies that Plaintiff's claims have any merit or that it caused him any loss or damage, but nonetheless Plaintiff's amount of recovery, if any, must be barred or reduced, in whole or in part, because any defendant to Plaintiff's claim is entitled to set off applicable amounts saved by, due to, or received by Plaintiff.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred or must be reduced to the extent Plaintiff caused or failed to mitigate any alleged damages.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the equitable doctrines of unclean hands, waiver, estoppel, and laches.

**SIXTH ADDITIONAL DEFENSE**

Without admitting that Plaintiff is entitled to any damages, the damages caused to Plaintiff, if any, were caused by the conduct of persons or entities other than BSAH and for whom BSAH is not legally responsible.

**SEVENTH ADDITIONAL DEFENSE**

The sole proximate cause of the damages alleged in Plaintiff's Complaint is Plaintiff's own negligence.

**EIGHTH ADDITIONAL DEFENSE**

BSAH denies that Plaintiff's claims have any merit or that it caused him any loss or damage, but to the extent that any party to this action is guilty of any comparative fault, then any award against BSAH should be reduced pursuant to such party's or parties' percentage share of comparative fault, pursuant to Title 9 of the Rhode Island General Laws.

**NINTH ADDITIONAL DEFENSE**

Plaintiff's claim for breach of contract against BSAH is barred by the Statute of Frauds.

**TENTH ADDITIONAL DEFENSE**

Plaintiff's claims for breach of contract and breach of an implied covenant of good faith and fair dealing must be dismissed because Plaintiff had no contract with BSAH and also for lack and failure of consideration on his part.

**ELEVENTH ADDITIONAL DEFENSE**

BSAH reserves the right to rely upon any defenses applicable to it that are raised by any co-defendant.

WHEREFORE, having fully answered the Complaint, BSAH requests that the Complaint be dismissed, with all costs of this action taxed to Plaintiff, that BSAH recover its reasonable attorneys' fees and costs incurred in defending this action, and that BSAH be granted all further relief to which it may be entitled.

Respectfully Submitted,
Bridgestone Americas Holding, Inc. f/k/a Bridgestone/Firestone Americas Holding, Inc.
By Its Attorneys,

/s/ James A. Ruggieri
James A. Ruggieri, Esq. #2828
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
Tel: (401) 272-3500
Fax: (401) 273-8780

Pro Hac Vice Counsel:
Jason D. Fisher, Esq., TN Bar # 20076
WALLER LANSDEN DORTCH & DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380
Fax: (615) 244-6804

**CERTIFICATE OF SERVICE**

I hereby that I caused to be served a copy of the within document via electronic mail through Electronic Case Filing on the 12th day of September, 2007 to the following counsel of record:

Carl S. Levin, Esq.
ARMSTRONG, GIBBONS & GYNS, LLP
155 South Main Street, Suite 301
Providence, RI 02903

Brooks R. Magratten, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

/s/ James A. Ruggieri