UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM J. STUCKEY, JR., Plaintiff

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. and JOHN DOE, Defendants

C.A. No. 07-310/ML

**ANSWER**

Defendant Connecticut General Life Insurance Company ("CGLIC")[1] responds to the allegations of the complaint as follows:

FIRST DEFENSE

1. Lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 1, 3, 4, 5, 9 and 10.

2. Answering the allegations of paragraph 2, alleges that CGLIC is organized under the laws of Connecticut and conducts business in the State of Rhode Island; except as so alleged, denies the remaining allegations of that paragraph.

3. Answering the allegations of paragraph 6, alleges that it was informed by Human Resources of defendant Bridgestone Americas Holding, Inc. f/k/a Bridgestone/Firestone Americas Holding, Inc. ("Bridgestone") on or about November 11, 2002 that plaintiff would no longer be payroll deducted due to being put on a leave of absence status; except as so alleged, denies the remaining allegations of that paragraph.

---

[1] Pursuant to an August 27, 2007 stipulation, the parties agreed to substitute Connecticut General Life Insurance Company as a defendant for Cigna Corporation.

4. Answering the allegations of paragraph 7, alleges that plaintiff was a participant in a group life insurance plan sponsored and maintained by his employer, defendant Bridgestone, and funded by CGLIC policy no. 2024602; except as so alleged, denies the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 8, alleges that the Plan was previously administered by Johnson & Higgins; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 11, alleges that it was informed by Human Resources of defendant Bridgestone on or about November 11, 2002 that plaintiff would no longer be payroll deducted due to being put on a leave of absence status; except as so alleged, denies the remaining allegations of that paragraph.

7. Answering the allegations contained in paragraph 12, alleges that CGLIC received returned correspondence from the post office and was informed that no forwarding address for plaintiff was on file with the post office; except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

8. Admits the allegations of paragraphs 13 and 15.

9. Answering the allegations contained in paragraph 14, alleges that CGLIC received returned correspondence from the post office and was informed that no forwarding address for plaintiff was on file with the post office; except as so alleged, denies the remaining allegations of that paragraph.

10. Answering the allegations contained in paragraph 16, alleges that CGLIC's July 27, 2004 letter denying plaintiff's request for reinstatement speaks for itself and requires no

further comment or interpretation by CGLIC; to the extent that a response is required, denies the remaining allegations of that paragraph.

11. Paragraphs 17, 31, 35 and 39 state conclusions of law for which no response is required. To the extent the Court may otherwise construe these paragraphs, they are denied.

12. Repeats and realleges its responses to: paragraphs 1-17 in response to paragraph 18; paragraphs 1-29 in response to paragraph 30; paragraphs 1-33 in response to paragraph 34; paragraphs 1-37 in response to paragraph 38; paragraphs 1-41 in response to paragraph 42; and paragraphs 1-46 in response to paragraph 47.

13. Answering the allegations of paragraphs 19 through 29 (Counts I through III) and 51 through 62 (Counts IX through XI), alleges that these paragraphs refer to defendants other than CGLIC for which no answer or response is required of this defendant. To the extent an answer is required, CGLIC denies the same.

14. Denies the allegations of paragraphs 32, 33, 36, 37, 40, 41, 45, 46, and 50.

15. Answering the allegations contained in paragraph 43, CGLIC alleges that it issued group life policy no. 2024602 (the "Policy") to defendant Bridgestone to fund benefits under a group universal life plan (the "Plan") sponsored and maintained by defendant Bridgestone and that plaintiff at all relevant times was a participant in the Plan; except as so alleged, denies the remaining allegations of that paragraph.

16. Answering the allegations of paragraph 44, alleges that on or about November 5, 2002, plaintiff's coverage was converted to a direct bill at home basis; that CGLIC was never notified of plaintiff's change of address; and that CGLIC received returned correspondence from the post office and was informed that no forwarding address for plaintiff was on file with the post office; except as so alleged, denies the remaining allegations of that paragraph.

17. Answering the allegations contained in paragraph 48, CGLIC alleges that it issued the Policy to defendant Bridgestone to fund benefits under the Plan sponsored and maintained by defendant Bridgestone and that plaintiff at all relevant times was a participant in the Plan; except as so alleged, denies the remaining allegations of that paragraph.

18. Answering the allegations of paragraph 49, alleges that CGLIC denied plaintiff's request for reinstatement of the policy; except as so alleged, denies the remaining allegations of that paragraph.

SECOND DEFENSE

19. Plaintiff fails to state a claim upon which relief can be granted.

THIRD DEFENSE

20. Plaintiff's damages, if any, were the result of acts or omissions of others over whom CGLIC has no control.

FOURTH DEFENSE

21. Plaintiff's comparative negligence bars or reduces his claims.

FIFTH DEFENSE

22. Plaintiff's remedies are limited solely to those afforded by ERISA.

SIXTH DEFENSE

23. Plaintiff's claims are barred because defendants discharged their respective duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

SEVENTH DEFENSE

24. Plaintiff's claims are barred because the actions of defendants were not arbitrary, capricious, unreasonable or made in bad faith.

EIGHTH DEFENSE

25. Plaintiff's claim is barred by his failure to satisfy all terms and conditions for reinstatement of coverage.

/s/ Catherine A. Shaghalian

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Connecticut
General Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 14, 2007

## CERTIFICATE OF SERVICE

To:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street – Suite 301
Providence, RI 02903

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

I hereby certify that I electronically filed this Answer on September 14, 2007. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Catherine A. Shaghalian