**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM J. STUCKEY, JR. | : | |
| | : | |
| V. | : | C.A. No. 07-310ML |
| | : | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC.f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. & JOHN DOE | : | |

**PLAINTIFFS' STATEMENT OF THE CASE**

## I. Factual Recitation

Plaintiff, William J. Stuckey, Jr. (hereinafter referred to as "Stuckey"), is a former employee of Defendant, Bridgestone Americas Holdings, Inc. f/k/a Bridgestone/Firestone Americas Holdings, Inc. (hereinafter referred to as "Bridgestone"). Stuckey began his employment with Bridgestone on or about August 23, 1971, and during his employment purchased a voluntary group universal life insurance policy from Johnson & Higgins, Inc. The life insurance policy was funded by Stuckey through payroll deductions, which Bridgestone would forward to the insurer. The life insurance policy was subsequently transferred to Defendant CIGNA Corporation (hereinafter referred to as "CIGNA") effective January 1, 1998. On or about July 1998, Stuckey moved from Slatersville, Rhode Island to North Providence, Rhode Island and informed Bridgestone of his new mailing address. Subsequent to that date, Plaintiff received mailings from Bridgestone at his North Providence, Rhode Island address.

Upon retiring form Bridgestone on or about October 1, 2002, Stuckey retained his life insurance and healthcare benefits from CIGNA, however the payments were to be made directly by Stuckey and not through Bridgestone. Upon his retirement from

employment at Bridgestone, Stuckey completed an enrollment change form for the group universal life plan to indicate his retirement from the company. Bridgestone failed to send Stuckey his pension checks for approximately five months following his retirement. Stuckey subsequently contacted Bridgestone regarding his pension, medical coverage and life insurance policy. Bridgestone corrected the issues with his pension and notified CIGNA of his current information for his medical coverage. However, Bridgestone informed Stuckey he would have to contact CIGNA directly regarding his life insurance policy. On or about October 17, 2003, Stuckey contacted CIGNA about the status of his group life insurance policy and was advised the policy lapsed due to the non-payment of the premium. Stuckey was informed that mailings sent to him had been returned to CIGNA as not deliverable, as the mailings did not have his correct address. However, during this time period, Stuckey received correspondence from CIGNA regarding his healthcare coverage at his proper address. Stuckey requested reinstatement of the group life insurance policy, and was subjected to a medical examination. On or about July 27, 2004, Plaintiff was advised by CIGNA that his request for reinstatement of his group life insurance policy was denied because he was found to have diabetes. Connecticut General Life Insurance Company was subsequently substituted for defendant CIGNA.

**II. Legal issues**

The Plaintiff's complaint alleges that Bridgestone and Connecticut General have breached their obligations and duties owed to Plaintiff, resulting in claims for negligence, breach of the obligation of good faith dealing, breach of fiduciary duty and breach of contract and unjust enrichment.

Defendants raise the defense that Plaintiff's remedies are those solely afforded by ERISA. Therefore, whether Plaintiff's insurance policy is part of an ERISA plan is a

determining factor. Plaintiff contends that the Defendants have not established the requirements for an ERISA plan. Furthermore, Plaintiff's plan meets the Department of Labor requirements set forth in 29 C.F.R. § 2510.3-1(j) (1987), which excludes certain group insurance plans from ERISA coverage.

Plaintiffs,
By their attorneys,
/S/

Carl S. Levin, Esq., #3336
Christopher A. Murphy, Esq. #7364
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, RI 02903
(401) 751-1500 Ext. 26
(401)751-4124(Facsimile)
clevin@agglaw.com

**CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that on the 31st day of October, 2007, I caused to be served a true copy of the within Statement of Case via Electronic Case Filing to the following counsel of record:

Brooks R. Magratten, Esq.
Catherine A. Shaghalian, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney, LLP.
123 Dyers Street
Providence, RI 02903

Jason D. Fisher, Esq.
Waller, Landsen, Dortch & Davis, LLP.
511 Union Street, Suite 2700
Nashville, TN 37219

/S/

Carl S. Levin, Esq.