UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. STUCKEY, JR., Plaintiff | ) | |
| v. | ) | C.A. No. 07-310/ML |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. and JOHN DOE, Defendants | ) | |

**DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant Connecticut General Life Insurance Company ("CGLIC") moves pursuant to F.R.C.P. 56 and on the Affidavit of Renee Worst for summary judgment dismissing plaintiff's claims against CGLIC with prejudice. CGLIC files herewith the Affidavit of Renee Worst, a Statement of Undisputed Facts and a supporting memorandum of law.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Connecticut General Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 11, 2008

CERTIFICATE OF SERVICE

To:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street – Suite 301
Providence, RI 02903

Jason D. Fisher, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street – Suite 2700
Nashville, TN 37219

James A. Ruggieri, Esq.
Samuel C. Bodurtha, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

I hereby certify that I electronically filed the within Motion for Summary Judgment on July 11, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. STUCKEY, JR., Plaintiff | ) | |
| v. | ) | C.A. No. 07-310/ML |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. and JOHN DOE, Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant Connecticut General Life Insurance Company ("CGLIC") moves pursuant to F.R.C.P. 56 and on the Affidavit of Renee Worst for summary judgment dismissing plaintiff's claims against it.

**FACTS**

Plaintiff, a former long-time employee of Bridgestone Americas Holding, Inc. ("Bridgestone/Firestone"), purchased through payroll deductions coverage under a group universal life insurance policy (the "Policy"). Statement of Undisputed Facts ("SUF"), ¶¶1-2. The Policy is a Group Flexible Premium Adjustable Life Insurance Policy issued by CGLIC to the Trustee of the National Employer Group Insurance Trust. Bridgestone/Firestone participates in the Trust. Appended to the Worst Affidavit as Exhibit A is a certificate outlining the terms of coverage. SUF, ¶3.

While at Bridgestone/Firestone plaintiff resided in Slatersville, Rhode Island. Later, in or about July 1998, he moved to North Providence, Rhode Island. SUF,

¶4. Plaintiff notified Bridgestone/Firestone of the move and later received mailings from Bridgestone/Firestone at his North Providence address. SUF, ¶5.

CGLIC in August, 2002 noted that no premiums were payroll deducted for plaintiff's life insurance coverage for the previous month. Consequently it sent a premium bill directly to plaintiff at his address of record -- the Slatersville, Rhode Island address. The postal service returned that bill to CGLIC as being undeliverable. SUF, ¶6.

CGLIC in September, 2002 again noted that no premiums were payroll deducted for plaintiff's life insurance coverage for the previous month. It again sent a premium bill directly to plaintiff at his address of record -- the Slatersville, Rhode Island address. The postal service returned that bill to CGLIC as being undeliverable. SUF, ¶7.

Plaintiff retired from Bridgestone/Firestone in or about October, 2002. SUF, ¶8. In November, 2002 Bridgestone/Firestone advised CGLIC that premiums for plaintiff's life insurance coverage would no longer be deducted because plaintiff had been placed on a "leave of absence" status. SUF, ¶9.

Bridgestone/Firestone failed to send plaintiff pension checks for approximately five months following his retirement. Plaintiff subsequently contacted Bridgestone/Firestone regarding his pension, medical and life insurance coverage. SUF, ¶18.

CGLIC on November 5, 2002 mailed a notice of premiums due to plaintiff at his Slatersville, Rhode Island address of record for coverage for the months of July, 2002 through December, 2002. CGLIC on December 10, 2002 mailed a reminder notice of premiums due to plaintiff at his Slatersville, Rhode Island address of record for coverage for the months of July, 2002 through March, 2003. This notice alerted plaintiff

that payment must be received by December 28, 2002 or his coverage would lapse. SUF, ¶¶10-11.

Plaintiff never informed CGLIC of his change of address. Premium notices CGLIC mailed to plaintiff were returned by the postal service as being undeliverable, with no forwarding address on file. CGLIC last received a premium payment for plaintiff's coverage in June, 2002. SUF, ¶¶12-15. Plaintiff never received CGLIC's notices. SUF, ¶14.

Plaintiff's coverage lapsed on January 9, 2003 due to non-payment of premiums. SUF, ¶17.

In October 2003 – one year after his retirement and approximately sixteen months after last making a premium payment -- plaintiff contacted CGLIC about the status of his group life coverage. CGLIC then advised plaintiff that his coverage had lapsed due to non-payment of premiums. SUF, ¶21. Plaintiff thereafter requested reinstatement of life insurance coverage from CGLIC and underwent a medical examination. SUF, ¶22.

CGLIC advised plaintiff on or about July 27, 2004 that his request for reinstatement of coverage was denied because he was found to have diabetes and deemed uninsurable. SUF, ¶23.

Plaintiff on or about July 24, 2007 filed a complaint in the Providence County Superior Court against Bridgestone/Firestone and CGLIC, seeking reinstatement of coverage and other relief. Against CGLIC plaintiff alleges claims for negligence, breach of good faith and fair dealing, breach of fiduciary duty, breach of contract and unjust enrichment. SUF, ¶¶24-25.

## ARGUMENT

### I. Plaintiff's Claims Against CGLIC Fail Because CGLIC Had No Legal Duty To Deliver Premium Or Lapse Notices To Plaintiff As a Condition for Continuing Coverage

Plaintiff's claims[1] against CGLIC all rest on an alleged legal duty on CGLIC in these circumstances to know that a group insurance policy participant has moved -- despite not being informed of that move -- and to ensure that each participant receives a notice of premiums due. Such a duty the law does not impose. To the contrary, the caselaw has been consistent that an insurer has no duty, unless explicitly assumed in the terms of coverage, to assure delivery of premium or lapse notices.

The relevant terms of coverage provide:

> **Grace Period For Insured.** If the Net Cash Value for any Insured on any Monthly Premium Date is less than the required Monthly Deduction, a Grace Period For Insured of 61 days will be granted to the Insured to pay premium sufficient to cover the required Monthly Deduction for the next two months. (The Net Cash Value and Monthly Deduction are described under Nonforfeiture Provisions.) If such premium is not paid within the Grace Period For Insured, the coverage under the Policy for that Insured and any Class C Insureds for whom he has elected the insurance will lapse without value at the end of the Grace Period For Insured.
>
> At least 31 days before the end of the Grace Period For Insured, CG will notify the Class A, Class B, Class D, Former Class A, Former Class B, and Spouse of a Former Class A Insured, or Owner, if different, that there is insufficient Cash Value for him under the Policy. Failure to give notice will not extend the Death Benefit beyond the Grace Period. If the Insured dies during the Grace Period

[1] Plaintiff does not allege claims under the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. as amended ("ERISA"). This may be because the group insurance plan involved falls within ERISA's "safe labor", 29 C.F.R. §§2510.3-(j). For purposes of this motion, CGLIC takes no position on whether plaintiff's claims are ERISA-preempted. CGLIC will address plaintiff's common law claim as they have been pled.

> For Insured, CG will deduct any overdue Monthly Deduction from the Death Benefit payable.

SUF, ¶27. Consequently, once the net cash value of coverage falls below the required premium payment, and no premium is otherwise paid, then a 61 day grace period follows, during which CGLIC will give notice of insufficient cash value to continue coverage. Under the express terms of coverage, failure to give notice does not extend the death benefit beyond the grace period. Once coverage has lapsed, the insured may apply for reinstatement within five years of coverage provided he or she meets underwriting standards. See Worst Affidavit, Exhibit A, p. 35.

Plaintiff had no net cash value for his coverage as of July, 2002. (SUF, ¶16). There is no dispute that CGLIC mailed timely notice of premiums due to plaintiff at the address of record. SUF, ¶¶6, 7, 10, 11. It is also undisputed that plaintiff did not receive those notices, most likely because the notices had been sent to plaintiff's former and not current address. SUF, ¶14.

It is further undisputed that no one -- not plaintiff or Bridgestone/Firestone -- provided CGLIC with plaintiff's new address for purposes of life insurance coverage. SUF, ¶12.

The question of an insurer's duty to give notice of premiums due or lapse is not new to this Court. In Wilbert v. Unum Life Ins. Co., 1998 W.L. 3400600 (D.R.I. 1998), plaintiff's disability coverage lapsed due to nonpayment of premiums. Plaintiffs faulted the insurer for not giving notice. This Court (Lagueux, J.) deemed plaintiff's breach of contract and estoppel claims "specious." This Court found:

> Unless required by statute, regulation or contract, an insurer is not obligated to give notice of premiums due or give notice that coverage is being terminated because of unpaid premiums.

Wilbert, at *2 (citing Pina v. Continental Cas. Co., 51 R.I. 466, 155 A. 659, 660 (R.I. 1931); Presentation Sisters, Inc. v. Mutual Benefit Life Ins. Co., 85 S.D. 678, 189 N.W.2d 452, 455 (S.D. 1971); McFarland v. Farm Bureau Mut. Auto Ins. Co., 201 Md. 241, 93 A.2d 551, 555 (1953)).

Judge Lagueux's ruling in Wilbert is consistent with other courts that have considered the issue. See, e.g., Cimon v. Gaffrey, 401 F.3d 1 (1st Cir. 2005); Bezanson v. Metropolitan Ins. & Ann. Co., 952 F.2d 1, 6 (1st Cir. 1991) ("[W]e are aware of no law anywhere supporting the proposition that failure to send a required notice of lapse will extend the coverage of any policy indefinitely. It would be a harsh, and most unreasonable rule."); Letard v. General American Life Ins. Co., 2007 W.L. 540792 *4 (E.D. Tenn. 2007)("Letard proffers no legal authority, and the court has found none, to support his position that an insurer has to prove that an insured actually received a premium notice before the insurer can declare a lapse in coverage based upon the insured's failure to pay the premium."); Yessick v. The Midland Life Ins. Co., 178 F.Supp.2d 1301 (N.D.Ga. 2001); Murphy v. N. American Equitable Life Ins. Co., 1987 WL 19482, *2 (Ohio App. 1987)("[A]ppellee was under no duty to provide premium or lapse notices to the insured."); Lerner v. Travelers Ins. Co., 27 Misc. 2d 815, 212 N.Y.S. 2d 770 (1961).

Indeed, plaintiff appears to fault Bridgestone/Firestone, not CGLIC, for not getting premium notices to him. Plaintiff states in answers to interrogatories:

> Bridgestone[/Firestone] did not provide CGLIC with my current address. If Bridgestone[/Firestone] had provided CGLIC with my current address, I would have received the payment notices and cancellation notices allegedly mailed by CGLIC. Furthermore, according to my CGLIC insurance policy, Bridgestone[/Firestone] was required to notify CGLIC

> of the date I stopped working for Bridgestone[/Firestone]. At that time, Bridgestone[/Firestone] had an obligation to provide CGLIC with my address because Bridgestone[/Firestone] knew my current address. Additionally, any changes that I made to the named beneficiary were done through Bridgestone [/Firestone], which transmitted that information to the carrier, which in turn provided me with the necessary document. I was unable to communicate directly with CGLIC, and was always instructed that any policy-related issues were to be handled through my employer.

SUF, ¶26.

Although plaintiff requested reinstatement of coverage, as was his right under the terms of coverage, he was deemed no longer insurable because of his diabetes, as was CGLIC's right under the terms of coverage. SUF, ¶23.

Plaintiff can point to no statutory, regulatory, contractual or common law requirement in these circumstances that CGLIC actually deliver notice of premiums due to a group participant prior to coverage lapsing for non-payment of premiums. Because no such duty exists, plaintiff's claims against CGLIC must fail as a matter of law.

## II. The Material Facts Not Being In Dispute, Summary Judgment Should Now Enter Dismissing Plaintiff's Claims Against CGLIC

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on a motion for summary judgment:

> The judgment sought shall be rendered forthwith if the plaintiffs, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment is only available when there is no dispute as to any material fact and only questions of law remain. United States ex. rel D'Ambra Constr. Co., Inc., 24 F. Supp. 2d 218 (D.R.I. 1998). In determining whether summary judgment is appropriate,

the court must view the facts on the record and all inferences therefrom in the light most favorable to the non-moving party. Continental Casualty Co. v. Canadian Universal Inc. Co., 924 F.2d 370 (1st Cir. 1991), citing Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990).

Here the material facts are undisputed. No one disputes plaintiff did not receive premium notices after his retirement because CGLIC had only an outdated address on file. Who's duty it was to update CGLIC's contact information for plaintiff is a question of law. Because the law does not impose on CGLIC a duty to deliver premium notices to plaintiff as a condition of his maintaining life insurance coverage, his claims against CGLIC must now be dismissed with prejudice.

**CONCLUSION**

For the above reasons CGLIC respectfully requests that partial judgment now enter dismissing plaintiff's claims against it with prejudice.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Connecticut
General Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 11, 2008

CERTIFICATE OF SERVICE

To:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street – Suite 301
Providence, RI 02903

Jason D. Fisher, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street – Suite 2700
Nashville, TN 37219

James A. Ruggieri, Esq.
Samuel C. Bodurtha, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

I hereby certify that I electronically filed the within Memorandum on July 11, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten