# EXHIBIT 2

RECEIVED
APR 14 2008
WINSTON & WHITE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. STUCKEY, JR. :
:
V. : C.A. No. 07-310ML
:
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC. f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. & JOHN DOE :

**PLAINTIFF'S ANSWERS TO THE INTERROGATORIES FILED BY BRIDGESTONE AMERICAS HOLDING, INC., f/k/a/ BRIDGESTONE/FIRESTONE AMERICAS HOLDING INC.**

1. State your full name and any other names by which you have been known during your lifetime, your date and place of birth, your current resident Address and all addresses at which you have resided during the past ten (10) years, your Social Security number, and driver's license number.

ANSWER: William J. Stuckey, Jr. I have resided at 2008 Mineral Spring Avenue, Unit 12 North Providence, Rhode Island since July 1999. Prior to that I lived at 36 Fillion Drive, Slatersville, Rhode Island between September 1998 and June 26, 1999. My social security number is 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. My driver's license number is 7901745. My date of birth is September 22, 1948. I was born in Providence, Rhode Island.

2. Identify each person who supplied information or was consulted in the preparation of the answers to these interrogatories, and specify for which interrogatory each person so identified supplied information or provided consultation.

policy-related issues were to be handled through my employer. When my wife died in 1990, I notified Bridgestone, which in turn notified the insurance company. This is also demonstrated by the fact that I received a copy of the CGLIC policy and the CGLIC insurance certificate in 1990 at my Plantation Drive address even though I never notified CGLIC of that address; in 1997 and 1999 I received correspondence from Johnson & Higgins/Kirke-Van Orsdel, Inc., regarding the request I made through Bridgestone to change my CGLIC policy beneficiary; and Bridgestone has continued to provide CIGNA Healthcare, Delta Dental and Fidelity Investments with my current address because I have received such documents at my residences both prior and subsequent to my retirement. Documents that support my contention are my CGLIC life insurance policy, CGLIC policy; 1990 CGLIC certificate, 1997 correspondence from Johnson & Higgins/Kirke-Van Orsdel, Inc., 1999 correspondence from Kirke Van Orsdel, Fidelity Investment correspondence and CIGNA Healthcare correspondence.

7. With respect to the allegations contained in Paragraphs 27 and 28 of your Complaint that Bridgestone had a "fiduciary duty to its employees when compiling, retaining and transmitting the personal information of its employees":

(a) specifically identify each fiduciary duty that you contend Bridgestone breached;

(b) fully describe the facts upon which you base the allegation that Bridgestone breached the fiduciary duties you contend it had;

(c) identify all persons that have knowledge regarding the subject matter of your allegation and all persons upon whom you rely to support your allegation and provide a summary of each person's knowledge; and

(d) identify all documents that you contend support your allegation.

ANSWER: Bridgestone did not provide CGLIC with my current address. If Bridgestone had provided CGLIC with my current address, I would have received the payment notices and cancellation notices allegedly mailed by CGLIC. Furthermore, according to my CGLIC insurance policy, Bridgestone was required to notify CGLIC of the date I stopped working for Bridgestone. At that time, Bridgestone had an obligation to provide CGLIC with my address because Bridgestone knew my current address. Additionally, any changes that I made to the named beneficiary were done through Bridgestone, which transmitted that information to the carrier, which in turn provided me with the necessary document. I was unable to communicate directly with CGLIC, and was always instructed that any policy-related issues were to be handled through my employer. When my wife died in 1990, I notified Bridgestone, which in turn notified the insurance company. This is also demonstrated by the fact that I received a copy of the CGLIC policy and the CGLIC insurance certificate in 1990 at my Plantation Drive address even though I never notified CGLIC of that address; in 1997 and 1999 I received correspondence from Johnson & Higgins/Kirke-Van Orsdel, Inc., regarding the request I made through Bridgestone to change my CGLIC policy beneficiary; and Bridgestone has continued to provide CIGNA Healthcare, Delta Dental and Fidelity Investments with my current address because I have received such documents at my residences both prior and subsequent to my retirement. Documents that support my contention are my CGLIC life insurance policy, CGLIC policy; 1990 CGLIC certificate, 1997 correspondence from

Johnson & Higgins/Kirke-Van Orsdel, Inc., 1999 correspondence from Kirke Van Orsdel, Fidelity Investment correspondence and CIGNA Healthcare correspondence.

8. Fully describe the factual basis for the allegations contained in Paragraphs 52 and 53 of your Complaint that Bridgestone had a contractual obligation to "accurately compile, retain and transmit the personal information of its employees."

ANSWER: Bridgestone had a contractual obligation to maintain my current personal information in order to ensure that it was properly transmitted to any entity providing me with services that I received through my employment with Bridgestone. According to my CGLIC insurance policy, Bridgestone was required to notify CGLIC of the date I stopped working for Bridgestone. At that time, Bridgestone would have had an obligation to provide CGLIC with my address because Bridgestone knew my current address. Additionally, any changes that I made to the named beneficiary were done through Bridgestone, which transmitted that information to the carrier, which in turn provided me with the necessary document. I was unable to communicate directly with CGLIC, and was always instructed that any policy-related issues were to be handled through my employer. When my wife died in 1990, I notified Bridgestone, which in turn notified the insurance company. This is also demonstrated by the fact that I received a copy of the CGLIC policy and the CGLIC insurance certificate in 1990 at my Plantation Drive address even though I never notified CGLIC of that address; in 1997 and 1999 I received correspondence from Johnson & Higgins/Kirke-Van Orsdel, Inc., regarding the request I made through Bridgestone to change my CGLIC policy beneficiary; and Bridgestone has

ANSWER: Plaintiff has not retained an expert. Should an expert be retained, disclosure will be made in accordance with the Court's scheduling order.

11. State the identity of each expert consulted by you in preparation for trial who is not expected to be called as a witness.

ANSWER: Objection. The information sought in this interrogatory is protected by the work-product privilege. Without waiving this objection, no expert has been consulted.

William J. Stuckey, Jr.

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

On this 9th day of April, 2008 before me, the undersigned notary public, personally appeared William J. Stuckey, Jr. the person whose name is signed on the preceding or attached documents, and acknowledged to me that he signed it voluntarily for its stated purpose.

Notary Public: Cathy A Brown
My commission expires: 7-29-09

Plaintiff,
William J. Stuckey, Jr.
By his Attorneys,

/S/ ____________________

Carl S. Levin, Esq. # 3336
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, RI 02903
(401) 751-1500
(401) 751-4124 (fax)
clevin@agglaw.com

**CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that on the 10th day of April, 2008, I caused to be served a true copy of the within Answers to Interrogatories filed by Bridgestone to the following counsel of record:

Brooks R. Magratten, Esq.
Catherine A. Shaghalian, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

James A. Ruggieri, Esq.
Samuel C. Bodurtha, Esq.
Higgins, Cavanagh & Cooney, LLP.
123 Dorrance Street
Providence, RI 02903

Jason D. Fisher, Esq.
Waller, Landsen, Dortch & Davis, LLP.
511 Union Street, Suite 2700
Nashville, TN 37219

/S/ Ann F. Longello
~~Carl S. Levin, Esq.~~ ANN F. LONGELLO