# Exhibit 8

## Connecticut General Life Insurance Company's administrative record for Plaintiff's claim

KIGREE - Kristen I. Greene
Insured: William J Stuckey Jr
Owner: William J Stuckey Jr
Billing Location: 02-01-1600
Thu, Jul 19, 2007 9:04:37 AM
Certificate: 02-1270630

Scale....+....1....+....2....+....3....+....4....+....5....+....6....+....7....+....8....+

*07/20/98 C GERRICK/D: CERT PKTS RETURNED, UNABLE TO FORWARD

*09/29/98 R KEMEZIS/J: OFF SALARY MULTI DUE TO GRANDFATHERING

*07/18/02 D PAUL/B: PER 6/02 INACTIVE WORK STATUS RPT LOA

*08/19/02 D PAUL/B: PER 7/02 VAR RPT NO PAY SENT 1XDB EE $70.70 LOA

*09/05/02 D PAUL/B: 1XDB CAME BACK NOT ABLE TO DELIVER

*09/18/02 D PAUL/B: PER 8/02 VAR RPT NO APY SENT 1XDB EE $70.70 LOA

*10/18/02 L SANTANA/T: BILL RETURNED-ADDRRESS UNKNOWN

*11/05/02 D PAUL/B: PER RAY IN HR PODB DUE TO LOA STATUS

*10/17/03 K BARRY/CS: EE CALLED DUE TO HE RETIRED 09/28/02. EE CHANGED ADD AND TEL NUMBER DUE TO WHAT WE HAVE ON FILE WAS 7 YEARS OLD. EE WANTS TO APPLY FOR REINSTATEMENT. SENT EVI.

*02/17/04 M SCHARKOZY/A: RECD EVI FOR REINSTATEMENT- SENT EVI FOR HGHT & WGHT NAME OF MEDICATIONS

*03/10/04 V HENDERSHOT/B: RCVD EVI TO REINSTATE EE FOR 200K, SENT TO U/W

*04/23/04 W COLON/A: EE CLD W/QUEST ON REINSTATMENT PROCESS/ADVS EE OF PHONE# OF EMSI

*06/08/04 D DETWEILER/T: EE CALLED VERY UPSET ABOUT DECLINE LETTER--STATES HE WAS TOLD BY EMSI THAT THEY WOULD SEND THE RESULTS FOR PARA EXAM-ADV HE NEEDS TO WRITE TO US TO REQ THE RESULTS-HE DOES NOT WANT TO TAKE THE INFO--DOES NOT WANT THE INFO FOR CONSUMER ADVOCATE EITHER STATES HE WILL BE TAKING THIS TO AN ATTORNEY AND WILL SUE US FOR A GREAT DEAL OF MONEY-ADV EE IT IS UP TO HIM TO KEEP ADDRESS CURRENT-HE STATES WE SHOULD HAVE CONTACTED HIS FORMER EMPLOYER WHEN MAIL CAME BACK-ADV AGAIN UP TO HIM TO KEEP ADDRESS CURRENT-EE DOES NOT WANT TO TAKE AN INFO FOR APPEAL OR ADVOCATE OR FOR REQ TEST RESULTS-KEEPS REPEATING HE WILL SUE US

*08/10/04 B BOYLE/J: RECEIVED A COMPLAINT LETTER REGARDING LAPSE AND U/W DECISION

*08/17/04 B BARBER/A:****SENT COMPLAINT RESPONSE TO EE & SENT COPY TO IP FOR FILES***

*08/23/04 S SOLIS/A: EE P/C WAS UPSET WITH RESPONSE THAT WAS SENT SD THAT THE LETTER WAS NOTHING BUT NONSENSE; FELT THAT U/W SHOULD NOT HAVE DENIED HIM DUE TO HIM HAVING DIABETES IF THAT WAS THE CASE WHEN THE COMPANY CAME OVER FROM JOHNSON AND HIGGENS WE SHOULD HAVE REJECTED HIM THEN; EXP THAT EVERYONE THAT HAD COVERAGE WOULD HAVE BEEN GRANDFATHERED OVER; EXP THAT U/W HAS THEIR GUILDELINES THEY HAVE TO FOLLOW; WENT OVER INFO ON WHEN WE CONVERTED HIM TO DBILL, WHEN THE BILL WAS ISSUED OUT, I ALSO VERIFIED THE ADDRESS THE BILL WENT TO; SD THAT WAS AN OLD ADDRESS ADV HIM IT WAS HIS RESPONSIBILITY TO CALL IN AND UPDATE THAT ADDRESS DIDNT AGREE; SAID HE WOULD BE GETTING IN CONTACT WITH IS ATTORNEY AND WOULD BE FILING A LAWSUIT AGAINST CIGNA

*02/21/06 K GREENE/L: REC'D COMPLAINT LETTER FROM RI DOI ON BEHALF OF EE. WILL REVIEW AND RESPOND.

*03/03/06 A MIQUEL/A: SENT COMPLETED COMPLAINT RESPONSE TODAY TO THE RI DOI. COPY TO BACKFILE.

*06/21/07 K GREENE/L: REC'D COMPLAINT FROM ATTORNEY GAAL. WILL REVIEW AND RESPOND.

*06/22/07 K GREENE/L: FAXED COPY TO JOAN MARKOE.

*07/02/07 R SMITH/B: GABRIELLA FROM LAWYERS OFFICE CLD FOR STATUS OF CONSUMER ADVACATE LETTER - ADV STILL BEING LOOKED INTO

*07/12/07 K GREENE/L: **DELAYED RESPONSE UNTIL 07/18/07. SENT DELAY LTR TO GABRIELLA ON 07/05/07**

*07/19/07 K GREENE/L: **FAXED DELAY LETTER TO ATTORNEY GABRIELLA GAAL. RESPONSE DELAYED FOR ADDITIONAL 15 CALENDAR DAYS* PER PHONE CALL W/ JOAN MARKOE & MIKE WAGNER*

Scale....+....1....+....2....+....3....+....4....+....5....+....6....+....7....+....8....+

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

August 11, 2004

WILLIAM STUCKEY JR
2008 MINERAL SPRING AVE
NORTH PROVIDENCE, RI 02911

RE: Results of Laboratory Tests
**Group:** M104040

Dear WILLIAM STUCKEY JR:

Thank your for your interest in CIGNA Group Insurance program.

In response to your request, enclosed please find the results of your testing. Any questions or concerns should be referred directly to your personal physician.

Sincerely,

Medical Underwriting
Enclosure
BAM

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

CIGNA Group Insurance
Life • Accident • Disability
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

July 27, 2004

WILLIAM STUCKEY JR
2008 MINERAL SPRING AVE
NORTH PROVIDENCE RI 02911

Re: Explanation of Underwriting Decision
Bridgestone Americas Holdings
Policy #: M104040

Dear Mr. Stuckey Jr.,

Thank you for your interest in Connecticut General life insurance program. We hope the following information will answer your questions.

As part of our underwriting review, we received your Paramedical exam during which you admitted as having been diagnosed with diabetes in 1975. Based on this information, we placed you in an underwriting category whose overall mortality exceeds our limits for group life insurance coverage. Due to the limited nature of group insurance we are only able to consider applicants on an accept or decline basis.

Please note, this insurance product is administered independently of any other Bridgestone/Firestone benefits. Any address update information would need to be reported to both Bridgestone benefits and CIGNA Group Insurance separately.

We're sorry that our reply could not be more favorable. If you have additional questions, please feel free to contact us at the above address.

Sincerely,

Medical Underwriting Appeals Department
CIGNA Group Insurance

7/2/04
Joel S.
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

To whom it may concern

From William J. Stuckey Jr

Date June 22, 2004 Group # M104040

I am requesting all information that pertains to my rejection of insurance request.

I am also requesting a form of appeal or necessary documents to appeal

Not new this insurance request was a continuance of my employment with Bridgestone/Firestone tire & rubber co. You people claim that you had no forwarding address yet my pension checks made it every month.

If I do not hear from you as stated in the letter I will consider it the same way you claimed KMSI would contact me once again a lack of communication

Awaiting your reply

W J Stuckey

CIGNA Group Insurance
Life • Accident • Disability
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

February 17, 2004

WILLIAM J STUCKEY JR
2008 MINERAL SPRING AVE
NORTH PROVIDENCE RI 02911

Re: Group Universal Life
Policy Number: M104040
Underwriting Company: Connecticut General Life Insurance Company
Certificate Number: 02-1270630
Insured Name: William J Stuckey Jr

Dear William Stuckey Jr:

Thank you for contacting CIGNA Group Universal Life Service Center with your recent request to make the following change(s):

Reinstatement

Please complete the enclosed form(s) as indicated below.

| | |
|---|---|
| Evidence of Insurability | Please complete height and weight information as well as the prescribed medications that you are currently taking and the reason for the medication. Redate form and return for processing. |

All forms must be signed by the owner of the policy. If you need further assistance or additional information, please contact any of our Customer Representatives at 1.800.828.3485; or, for the hearing impaired 1-800-336-2485.

Sincerely,

Mary Lou Scharkozy
Customer Representative

CIGNA Group Insurance
Life · Accident · Disability

# EVIDENCE OF INSURABILITY FORM

Connecticut General Life Insurance Company

CIGNA Group Insurance
P.O. Box 20170
Lehigh Valley, PA 18002-0170

For information and customer service call 1.800.828.3485.

OMISSION

- This form cannot be considered unless received within 30 days of completion.
- All questions must be answered completely by the applicant and the form must be dated and signed.
- Insurance for an applicant will not be effective unless and until the Insurance Company has accepted this evidence as satisfactory.
- The information on this form will be considered current for no longer then 90 days.
- Please print (preferably in black ink).

CERTIFICATE NO. 02-1270630 POLICY NO. M104040 CLASS

EMPLOYER Bridgestone/Firestone Inc. WORKSITE BILLING LOCATION 02-01-1600

**EMPLOYEE**

☒ Mr. ☐ Mrs. ☐ Ms. Name William (First) Stuckey Jr (Last) Social Security # 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 Birthdate 09/22/1948

Address 2008 Mineral Spring Ave City North Providence State RI Zip 02911

Work Phone Home Phone 401-316-2567 Sex: ☐M ☐F Height: 5 ft 10 in Weight: 181 lbs

Date of Hire 8/23/71 Base Annual Salary Occupation Manager Email Address William 153 @cox.net

Optional Insurance Amount Requested: Employee $ 200,000 Child(ren) $

This is a request to reinstate Group Universal Life coverage for: ☒ Employee ☐ Spouse ☐ Child(ren)

Primary Physician Name Dr Geoffrey Berg Address Waterman Ave Prov. RI Phone 401-521-1221

Answer if your plan includes smoker/non-smoker rates. Have you smoked or used any form of tobacco in the last 12 months? ☐ Yes ☐ No.

**SPOUSE (IF ELECTING COVERAGE)** ☐ I am currently married and my date of marriage is N/A

Spouse Name (First) (Last) Social Security # Birthdate

Height: ft in Weight: lbs Sex: ☐M ☐F Occupation

Optional Insurance Amount Requested: Spouse $

Spouse Primary Physician Name Address Phone

Answer if your plan includes smoker/non-smoker rates. Has your spouse smoked or used any form of tobacco in the last 12 months? ☐ Yes ☐ No

**COMPLETE QUESTIONS A-K BELOW**

During the last five years, has the proposed insured been diagnosed with or received treatment by/from a member of the medical profession for any of the conditions listed in the questions below?

| Question | Employee Yes | Employee No | Spouse Yes | Spouse No | Child(ren) Yes | Child(ren) No |
|---|---|---|---|---|---|---|
| A. Cysts, moles, warts, polyps, cancer or tumor? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| B. High blood pressure, heart attack, pain or pressure in chest, shortness of breath, irregular heartbeats, heart murmur, varicose veins or any other disease or disorder of the heart or circulatory system? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| C. Enlarged glands, goiter, diabetes, thyroid disorder, any disease or disorder of the stomach, intestines, liver, gallbladder, kidneys, or any disease or disorder of the gastrointestinal or urinary tract, asthma, emphysema, tuberculosis, pneumonia, or disease of the throat, lungs, or other disease or disorder of the respiratory tract? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| D. Any alcohol and/or drug addiction and/or substance abuse; mental, emotional or any other nervous disorders? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| E. Is there a current use of prescribed medications by the proposed insured? | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| F. Have you been diagnosed with or been treated for AIDS-Related Complex (ARC) or Acquired Immune Deficiency Syndrome (AIDS) or tested positive for antibodies to the AIDS (Human Immunodeficiency) Virus? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| G. Any illness, injury, birth or congenital defect, disease or disorder not mentioned in questions A through F? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| H. Stroke, paralysis, epilepsy, fainting, headaches, seizures, dizziness, or other disease/disorder of the nervous system? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| I. Gout, arthritis, rheumatism, neck or back strain/sprain/injury, any deformity or loss of limb, or any other disease or disorder of the back, spine, muscles, bones or joints? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| J. Any surgical operation performed or been advised to have any performed? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| K. Have you been in a hospital or sanitarium for rest, treatment, observation or diagnosis; undergone any special examinations or laboratory tests, such as x-rays, electrocardiograms, biopsies, blood or urine tests; or had any medical advice, examination, consultation or treatment not mentioned in questions A through J? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

*Use the space below to provide details for "Yes" answers given above and/or medical impairments listed in questions A-K. Complete and attach a separate sheet of paper if additional space is required. Please sign and date the attachment.*

| Name of Employee/Spouse/Child | Condition | Date Occurred | Duration/Treatment Received | Current Status |
|---|---|---|---|---|
| William | Medicine | 3/02/03 | several months | OK |
| Lipton | Cholesterol | | | |
| | | | | |
| | | | | |

TL-006069(5/97)

*This form is not complete. Please be sure to complete and sign the second page where indicated.*



EVI (print 06/2002)

02-1270630 M104040 10-17-2003

# EVIDENCE OF INSURABILITY FORM

Connecticut General Life Insurance Company

Name William J Stuckey Jr Certificate Number 02-1270630

## AGREEMENTS AND AUTHORIZATIONS

To the best of my knowledge and belief, all written, telephonic and electronic information I provided is true and complete. I also understand that the insurance I have selected for myself will begin on the effective date, provided I am actively at work on that date. If I am not, the effective date of my personal coverage, as well as dependent coverage, will be delayed until I am actively at work. Also, if any one of my dependents to be insured is not performing normal daily activities* on the effective date, that coverage will be delayed until the date the dependent resumes normal daily activities. I understand that insurance subject to medical questions requires insurance company approval, and additional medical information, including blood work, may be required to approve such insurance. I understand that I am responsible to report to the insurance company any change in my health prior to my coverage effective date, and that no coverage will be effective unless I meet the insurance company's underwriting requirements on the effective date.

*Authorization:* If proposed for insurance, I authorize the following parties with any records or knowledge of personal information, medical history, mental or physical condition, diagnosis or treatment of me, to give such information to the Insurer, its authorized representatives or reinsurers. The authorized parties include any licensed physician, medical practitioner, hospital, clinic, Veterans Administration or other medically related facility, insurance company, employer, the Medical Information Bureau, or other organization, institution or person. For the purposes of collection and use of information to evaluate my application for insurance, I agree that my authorization is valid for thirty (30) months from the date of my signature below.

I understand that disclosures may be made without my consent as permitted by law. I also understand that the Insurer, its authorized representatives or reinsurers may make a brief report about my health or medical information listed above to the Medical Information Bureau (MIB), a non-profit membership organization of life insurance companies, which operates an information exchange on behalf of its members. If I apply to another Bureau Member Company for life or health insurance coverage, or a claim for benefits is submitted to such a company, the Bureau, upon request, will supply such company with the information in its file. Upon receipt of my request, the Bureau will arrange disclosure of any information it may have in my file. If I question the accuracy of information in the file, I may contact the Bureau and seek a correction in accordance with the procedures set forth in the Fair Credit Reporting Act. The Bureau's information office address is P.O. Box 105, Essex Station, Boston, MA 02112. Telephone: 617.426.3660.

A copy of this authorization will be valid as the original. I understand that my authorized representative or I have the right to receive a copy of this authorization upon request. My authorized representative or I can revoke this authorization at any time, subject to the rights of an individual who acted in reliance on this authorization prior to notice of revocation. The revocation must be in writing, signed and dated by my authorized representative or I.

*Electronic/Telephonic Authorization:* I authorize the insurance company to accept my telephonic and electronic elections and change requests, as allowed by law. The insurance company will not be legally responsible for any liability if acting in good faith upon any instructions given by telephone or electronic means, or for the authenticity of such instructions.

* ***Normal Daily Activities*** for a spouse and child are defined as follows: A spouse will not be deemed able to do normal tasks if he or she: a) is a patient in a hospital; or b) is confined at home under the care of a doctor for sickness or injury; or c) has had his or her level of activity significantly reduced so that he or she requires human supervision or assistance to perform any of the following Activities of Daily Living: mobility, transferring, feeding, dressing or toileting, which another person of the same age could normally perform. A child will not be deemed able to do normal tasks if he or she: a) is a patient in a hospital; or b) is confined at home under the care of a doctor for sickness or injury.

*Caution:* Any person who, knowingly and with intent to defraud any insurance company or other person; (1) files an application for insurance or statement of claim containing any materially false information; or (2) conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act.

**Sign Here** [signature] 10/27/03 N/A

Employee's Signature Date Spouse's Signature (if applying for insurance) Date

2/28/04

TL-006069(5/97) *Be sure to make a copy of your application for your own records.* 

EVI (print 06/2002) 02-1270630 M104040 10-17-2003 1 B86987

# ACCESS AND CORRECTION

CIGNA Group Insurance
Life • Accident • Disability
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

You have a right to know the specific items of information we have that support the reasons for our decision and the names and addresses of institutional sources of the information. Requests for such information should be made to us in writing at the above address within 90 business days. We will answer within 21 business days of receipt.

You also have a right to see and obtain copies of such items of information - usually through a medical professional you name, in the case of medical information. If the information is incorrect, you have a right to have it corrected, amended or deleted.

Within 30-business days of our receipt of your written request you may have access to recorded information about you, which is reasonably locatable and retrievable. This right does not extend to information which relates to and is collected in connection with or in reasonable anticipation of a claim or civil or criminal proceeding. We will inform you of the nature and substance of the information and the identity of any institutional source, which gave us the information. If recorded, we will advise you of those persons to whom the information has been disclosed within two years before the request, or if not recorded we will give you the names of the persons or organizations to whom such information normally disclosed. If you wish, we can arrange for you to see this information or obtain a copy by mail. You may be asked to pay a reasonable charge for the cost of providing copies.

**In all cases, we reserve the right to disclose medical information through a medical professional you name.**

You may request correction, amendment of deletion of any information in our files pertaining to you. We will respond within 30-business days.

We will tell you if, in fact, we complied with your request. If we do not agree with you, we will notify you of our refusal, give you our reasons, and give you the opportunity to file a concise statement of dispute with us. Your statement will be sent with any disclosure of the information, which we make to others.

In either event, we will notify any insurance support organization that furnished us the information, and any person you name who may have received such information within the preceding two years, of the dispute regarding the information. Your statement of dispute will be sent to these parties if we did not comply with your request.

A request to inspect or obtain a copy of a report furnished to us by a Consumer Reporting Agency should be made directly to the agency named. All other questions and requests should be sent to us at the address shown on this Advise of Underwriting Decision. If a disclosure of medical information may be involved, the request should include the full name and address of your physician to whom you wish us to write.

CIGNA Group Insurance
Life · Accident · Disability

# EVIDENCE OF INSURABILITY FORM

Connecticut General Life Insurance Company

CIGNA Group Insurance
P.O. Box 20170
Lehigh Valley, PA 18002-0170

For information and customer service call 1.800.828.3485.

- This form cannot be considered unless received within 30 days of completion.
- All questions must be answered completely by the applicant and the form must be dated and signed.
- Insurance for an applicant will not be effective unless and until the Insurance Company has accepted this evidence as satisfactory.
- The information on this form will be considered current for no longer then 90 days.
- Please print (preferably in black ink).

CERTIFICATE NO. 02-1270630 POLICY NO. M104040 CLASS ____

EMPLOYER Bridgestone/Firestone Inc. WORKSITE ____ BILLING LOCATION 02-01-1600

**EMPLOYEE**

☒ Mr. ☐ Mrs. ☐ Ms. Name William (First) Stuckey Jr (Last) Social Security # 031 32 3817 Birthdate 09/22/1948

Address 2008 Mineral Spring Ave. City North Providence State RI Zip 02911

Work Phone ____ Home Phone 401-316-2567 Sex: ☐M ☐F Height: ____ ft ____ in Weight: ____ lbs

Date of Hire 8/23/71 Base Annual Salary ____ Occupation Manager Email Address William153@cox.net

Optional Insurance Amount Requested: Employee $ 200,000 Child(ren) $ ____

This is a request to reinstate Group Universal Life coverage for: ☒ Employee ☐ Spouse ☐ Child(ren)

Primary Physician Name Dr Geoffrey Berg Address Waterman Ave Prov. RI Phone 401-521-1221

Answer if your plan includes smoker/non-smoker rates. Have you smoked or used any form of tobacco in the last 12 months? ☐ Yes ☐ No

**SPOUSE (IF ELECTING COVERAGE)** ☐ I am currently married and my date of marriage is N/A

Spouse Name ____ (First) ____ (Last) Social Security # ____ Birthdate ____

Height: ____ ft ____ in Weight: ____ lbs Sex: ☐M ☐F Occupation ____

Optional Insurance Amount Requested: Spouse $ ____

Spouse Primary Physician Name ____ Address ____ Phone ____

Answer if your plan includes smoker/non-smoker rates. Has your spouse smoked or used any form of tobacco in the last 12 months? ☐ Yes ☐ No

**COMPLETE QUESTIONS A-K BELOW**

During the last five years, has the proposed insured been diagnosed with or received treatment by/from a member of the medical profession for any of the conditions listed in the questions below?

| Question | Employee Yes | Employee No | Spouse Yes | Spouse No | Child(ren) Yes | Child(ren) No |
|---|---|---|---|---|---|---|
| A. Cysts, moles, warts, polyps, cancer or tumor? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| B. High blood pressure, heart attack, pain or pressure in chest, shortness of breath, irregular heartbeats, heart murmur, varicose veins or any other disease or disorder of the heart or circulatory system? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| C. Enlarged glands, goiter, diabetes, thyroid disorder, any disease or disorder of the stomach, intestines, liver, gallbladder, kidneys, or any disease or disorder of the gastrointestinal or urinary tract, asthma, emphysema, tuberculosis, pneumonia, or disease of the throat, lungs, or other disease or disorder of the respiratory tract? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| D. Any alcohol and/or drug addiction and/or substance abuse; mental, emotional or any other nervous disorders? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| E. Is there a current use of prescribed medications by the proposed insured? | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| F. Have you been diagnosed with or been treated for AIDS-Related Complex (ARC) or Acquired Immune Deficiency Syndrome (AIDS) or tested positive for antibodies to the AIDS (Human Immunodeficiency) Virus? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| G. Any illness, injury, birth or congenital defect, disease or disorder not mentioned in questions A through F? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| H. Stroke, paralysis, epilepsy, fainting, headaches, seizures, dizziness, or other disease/disorder of the nervous system? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| I. Gout, arthritis, rheumatism, neck or back strain/sprain/injury, any deformity or loss of limb, or any other disease or disorder of the back, spine, muscles, bones or joints? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| J. Any surgical operation performed or been advised to have any performed? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| K. Have you been in a hospital or sanitarium for rest, treatment, observation or diagnosis; undergone any special examinations or laboratory tests, such as x-rays, electrocardiograms, biopsies, blood or urine tests; or had any medical advice, examination, consultation or treatment not mentioned in questions A through J? | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

*Use the space below to provide details for "Yes" answers given above and/or medical impairments listed in questions A-K. Complete and attach a separate sheet of paper if additional space is required. Please sign and date the attachment.*

| Name of Employee/Spouse/Child | Condition | Date Occurred | Duration/Treatment Received | Current Status |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

# EVIDENCE OF INSURABILITY FORM

Connecticut General Life Insurance Company

Name William J Stuckey Jr Certificate Number 02-1270630

## AGREEMENTS AND AUTHORIZATIONS

To the best of my knowledge and belief, all written, telephonic and electronic information I provided is true and complete. I also understand that the insurance I have selected for myself will begin on the effective date, provided I am actively at work on that date. If I am not, the effective date of my personal coverage, as well as dependent coverage, will be delayed until I am actively at work. Also, if any one of my dependents to be insured is not performing normal daily activities* on the effective date, that coverage will be delayed until the date the dependent resumes normal daily activities. I understand that insurance subject to medical questions requires insurance company approval, and additional medical information, including blood work, may be required to approve such insurance. I understand that I am responsible to report to the insurance company any change in my health prior to my coverage effective date, and that no coverage will be effective unless I meet the insurance company's underwriting requirements on the effective date.

***Authorization:*** If proposed for insurance, I authorize the following parties with any records or knowledge of personal information, medical history, mental or physical condition, diagnosis or treatment of me, to give such information to the Insurer, its authorized representatives or reinsurers. The authorized parties include any licensed physician, medical practitioner, hospital, clinic, Veterans Administration or other medically related facility, insurance company, employer, the Medical Information Bureau, or other organization, institution or person. For the purposes of collection and use of information to evaluate my application for insurance, I agree that my authorization is valid for thirty (30) months from the date of my signature below.

I understand that disclosures may be made without my consent as permitted by law. I also understand that the Insurer, its authorized representatives or reinsurers may make a brief report about my health or medical information listed above to the Medical Information Bureau (MIB), a non-profit membership organization of life insurance companies, which operates an information exchange on behalf of its members. If I apply to another Bureau Member Company for life or health insurance coverage, or a claim for benefits is submitted to such a company, the Bureau, upon request, will supply such company with the information in its file. Upon receipt of my request, the Bureau will arrange disclosure of any information it may have in my file. If I question the accuracy of information in the file, I may contact the Bureau and seek a correction in accordance with the procedures set forth in the Fair Credit Reporting Act. The Bureau's information office address is P.O. Box 105, Essex Station, Boston, MA 02112. Telephone: 617.426.3660.

A copy of this authorization will be valid as the original. I understand that my authorized representative or I have the right to receive a copy of this authorization upon request. My authorized representative or I can revoke this authorization at any time, subject to the rights of an individual who acted in reliance on this authorization prior to notice of revocation. The revocation must be in writing, signed and dated by my authorized representative or I.

***Electronic/Telephonic Authorization:*** I authorize the insurance company to accept my telephonic and electronic elections and change requests, as allowed by law. The insurance company will not be legally responsible for any liability if acting in good faith upon any instructions given by telephone or electronic means, or for the authenticity of such instructions.

**** Normal Daily Activities*** for a spouse and child are defined as follows: A spouse will not be deemed able to do normal tasks if he or she: a) is a patient in a hospital; or b) is confined at home under the care of a doctor for sickness or injury; or c) has had his or her level of activity significantly reduced so that he or she requires human supervision or assistance to perform any of the following Activities of Daily Living: mobility, transferring, feeding, dressing or toileting, which another person of the same age could normally perform. A child will not be deemed able to do normal tasks if he or she: a) is a patient in a hospital; or b) is confined at home under the care of a doctor for sickness or injury.

***Caution:*** Any person who, knowingly and with intent to defraud any insurance company or other person: (1) files an application for insurance or statement of claim containing any materially false information; or (2) conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act.

Sign Here [signature] 10/27/03 N/A __/__/__

Employee's Signature — Date — Spouse's Signature (if applying for insurance) — Date

TL-006069(5/97) *Be sure to make a copy of your application for your own records.* Page 2 of 2

RUN DATE: [illegible] RUN TIME: [illegible]

# FIRESTONE APPLICATION VERIFICATION FORM

1\.

| | | |
|---|---|---|
| EMPLOYEE NAME: STUCKEY JR., WILLIAM J | | SOCIAL SECURITY NO.: 037/52/4867 |
| ADDRESS: [illegible] HANCOCK DR | | DATE OF BIRTH: 09/22/48 |
| CITY: COVENTRY | STATE: RI ZIP: 02816 | DATE OF HIRE: 08/23/71 SEX: MALE |

COVERAGE IS FOR: EMPLOYEE SPOUSE CHILDREN

2\. DO NOT WANT AUTOMATIC BENEFIT ADJUSTMENT ☐

| EMPLOYEE | SPOUSE |
|---|---|
| CURRENT BENEFIT (MULTIPLE OF CURRENT SALARY): 3 X $160,000 | NAME (L.F.M): STUCKY, J. M. |
| | SOCIAL SECURITY NO.: 038/36/3499 DATE OF BIRTH: 09/23/50 |
| ACCIDENTAL DEATH COVERAGE: NO | AMOUNT OF COVERAGE: $50,000 |
| LIFE INSURANCE BENEFIT FOR DEPENDENT CHILD(REN): PLAN 2 - $10,000 EACH | ACCIDENTAL DEATH COVERAGE: NO |

3\.

| EMPLOYEE | SPOUSE |
|---|---|
| CASH VALUE OPTION: NONE | CASH VALUE OPTION: NONE |

4\. EMPLOYEE OR SPOUSE RECEIVED MEDICAL TREATMENT DURING PAST THREE YEARS FOR:

| | EMPLOYEE YES | EMPLOYEE NO | SPOUSE YES | SPOUSE NO |
|---|---|---|---|---|
| 1) CANCER, INCLUDING LEUKEMIA, OR HODGKINS DISEASE? | | | | |
| 2) HEART DISEASE OR STROKE? | | | | |

5\. BENEFICIARY FOR:

| | FULL NAME | RELATIONSHIP |
|---|---|---|
| EMPLOYEE'S COVERAGE | JANICE M. STUCKEY | WIFE |
| SPOUSE'S COVERAGE | | |
| CHILDREN'S COVERAGE | | |

| | | | |
|---|---|---|---|
| PAYROLL CODE | 0100 | GRANDFATHER | |
| COMPANY CODE | 540 | SALARY | 0051000 |
| PAY MODE | M | | |
| BILL MODE | P | | |
| CURRENT OPTION | 2 | | |
| SIB CODE | A | | |

| | | |
|---|---|---|
| DATE ENTERED | 860117 | WILLIAM J STUCKEY JR. |
| BATCH NUMBER | 0318 | |
| SEQ IN BATCH | 038 | WILLIAM J STUCKEY JR. [redacted] |
| DATE RECEIVED | 860106 | WILLIAM J STUCKEY JR. |
| ISSUE DATE | 860201 | |
| ISSUE CODE | N | J. M. STUCKY |
| REASON CODE | | 0185956 |
| EMP CERT # | 185955-6 | |
| SPS CERT # | | |

APPROVED [illegible]

Original enrollment information

William Stuckey Jr.

William J. Stuckey, Jr.
36 Fillion Drive
No. Smithfield, RI 20896

Johnson & Higgins Kirkes Van Orsdel, Inc.
1776 West Lakes Parkway
DesMoines, Iowa 50398

RE: Life Insight Program for the Employees of
Bridgestone/Firestone, Inc.
SSN 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

Dear Program Carrier,

Due to a recent move I am unable to locate my current beneficiary information. Kindly forward a copy of this form at your earliest convenience. Also [illegible] a change of beneficiary form in the event I select to make any changes in the future.

Thank you.

Sincerely,

William J. Stuckey, Jr.

RECEI[illegible]
MAY 1[illegible] 1999
TEAM

RECEIVED
MAY 12 1999
COMPLIANCE

CIGNA Group Insurance
Life · Accident · Disability
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

July 27, 2004

WILLIAM STUCKEY JR
2008 MINERAL SPRING AVE
NORTH PROVIDENCE RI 02911

Re: Explanation of Underwriting Decision
Bridgestone Americas Holdings
Policy #: M104040

Dear Mr. Stuckey Jr.,

Thank you for your interest in Connecticut General life insurance program. We hope the following information will answer your questions.

As part of our underwriting review, we received your Paramedical exam during which you admitted as having been diagnosed with diabetes in 1975. Based on this information, we placed you in an underwriting category whose overall mortality exceeds our limits for group life insurance coverage. Due to the limited nature of group insurance we are only able to consider applicants on an accept or decline basis.

Please note, this insurance product is administered independently of any other Bridgestone/Firestone benefits. Any address update information would need to be reported to both Bridgestone benefits and CIGNA Group Insurance separately.

We're sorry that our reply could not be more favorable. If you have additional questions, please feel free to contact us at the above address.

Sincerely,

Medical Underwriting Appeals Department
CIGNA Group Insurance

**Barbara M. Barber**
Customer Advocate

CIGNA Group Insurance
Life • Accident • Disability
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

August 16, 2004

WILLIAM J STUCKEY JR
2008 MINERAL SPRING AVENUE
NORTH PROVIDENCE RI 02911

Re: Connecticut General Life Insurance Company
Group Policy Number: M104040
Group Policyholder: Bridgestone Americas Holding
NAIC Number: 62308
Certificate Number: 02-1270630
Insured Name: William J. Stuckey, Jr.

Dear Mr. Stuckey,

This letter is in response to your correspondence received by the CIGNA Medical Underwriting Appeals Department regarding your concerns on the lapse of your certificate and the CIGNA Underwriting review of your reinstatement request.

Your correspondence was forwarded from the CIGNA Underwriting Department to our Consumer Advocacy Department for research. I can understand your concerns and want to explain the results of my research and investigation.

I have researched all billing notices sent and contacts made to the CIGNA Customer Service Center. The results of my research are indicated below:

(1) CIGNA Medical Underwriting sincerely apologizes for any delay in your receipt of the results of the EMSI tests taken during your reinstatement process. This request was responded to on August 11, 2004 to your home address on file. If you have not received this information by August 23, 2004, please contact CIGNA at 1.800.828.3485. We'll be happy to send you another copy of your results.

(2) As you indicated in your letter, your coverage was transferred from Johnson & Higgins to CIGNA with an effective date of January 1, 1998. All information transferred remained the same from that date forward. Payroll deductions continued from that time until CIGNA was notified by Bridgestone Human Resources on November 11, 2002 that you would no longer be payroll deducted due to being put on a Leave of Absence status. Upon notification by Bridgestone of your payroll deductions ceasing, CIGNA placed your certificate on a direct bill at home basis on November 5, 2002. This allows all of CIGNA's group certificate holders to continue coverage as long as payments are received to keep the coverage active.

(3) CIGNA administers all billing in the same manner, systematically sending 1st

and 2nd requests for payment prior to the coverage lapsing to ensure the certificate owner are properly notified. Each bill is mailed to the address on file at the time of the billing. According to CIGNA records, the address CIGNA mailed the bills to, after your subsequent retirement from Bridgestone, had not been changed and no contact, by mail or telephone, was made to CIGNA to inform the Customer Service Center of any address change until your call on October 13, 2003.

(4) We understand your frustration with the lapse of your certificate on January 9, 2003 but CIGNA can not contact a Company of a certificate holder to check current addresses. It is not CIGNA's, or the insured's Employer's responsibility, to ensure all information (to include addresses) is correct on a certificate. Any change on a certificate is the responsibility of the owner of that certificate.

(5) If coverage lapses due to non-payment, we offer the reinstatement option to each insured. A lapse in a certificate means that the coverage is no longer active, and if coverage is again requested, a medical review must take place. This process, to reinstate coverage, includes providing evidence of insurability that will satisfy our underwriting requirements and blood and/or urine testing results. Please be assured that for a lapsed certificate, CIGNA Medical Underwriting would require the same information and testing for any certificate holder that had the same medical condition (whether newly discovered or existing). The same decision would also have been reached.

(6) Since this is a group policy and not an individual one, CIGNA must follow the same guidelines for all Group Universal Life Insurance participants.

I regret that my reply cannot be more favorable. If you have any additional questions, please contact our Customer Service Center at 1.800.828.3485 Monday through Friday, 8:00 a.m. to 6:00 p.m. Eastern Time. We also offer a toll-free number for the hearing impaired, 1.800.336.2485.

Sincerely,

Barbara M. Barber

Barbara M. Barber

Audrey Miquel
Customer Advocate

CIGNA Group Insurance
Life • Accident • Disability
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

March 3, 2006

PHILIP A SHERIDAN, CLU, CIE
SENIOR INSURANCE ANALYST
RHODE ISLAND INSURANCE DIVISON
233 RICHMOND ST, SUITE 233
PROVIDENCE RI 02903-4233

RECEIVED
MAR 06 2006
STATE OF RHODE ISLAND
INSURANCE DIVISION

Re: Connecticut General Life Insurance Company
Group Policy Number: M104040
Group Policyholder: Bridgestone Americas
Certificate Number: 02-1270630
Insured Name: William J Stuckey Jr
NAIC: 62308
Situs State: DE
Dept. File No. 5175

Dear Mr. Sheridan:

This letter is in response to your recent inquiry regarding the lapse in coverage on Mr. Stuckey's Group Universal Life insurance policy. I can understand his concerns and want to explain our position on this matter.

The Group Universal Life Insurance plan allows a grace period of 61 days before the policy lapses due to non-payment. Below is a timeline of events leading up to the lapse in coverage.

November 5, 2002- Mr. Stuckey's coverage was converted to a direct bill at home basis. A bill was mailed on this date for the months of July 2002 through December 2002.

December 10, 2002- The reminder notice for the months of July 2002 through March 2003 was mailed. The due date on this notice was December 28, 2002. This notice did include an additional three months due to the next quarter billing date. This notice also alerted Mr. Stuckey that payment must be received by the due date, or his coverage will lapse.

January 9, 2003- Mr. Stuckey's coverage lapsed due to non-payment of premium.

If coverage lapses due to non-payment, we offer the reinstatement option to each insured. Unfortunately, we are unable to make an exception to reinstate Mr. Stuckey's Group Universal Life coverage. I enclosed the Certificate of Insurance that outlines the grace period and the reinstatement provision (32).

According to our records, CGLIC did receive Mr. Stuckey's returned correspondence and billing notices from the post office, however the post office did not have a forwarding address on file. It is the insured's responsibility to contact CGLIC with address updates. Mr. Stuckey

did contact CGLIC on October 17, 2003 to inquire about the status of his life insurance. On this date Mr. Stuckey requested to update his address and requested the form to apply for reinstatement.

A review of Mr. Stuckey's account indicates that his coverage was transferred from Johnson and Higgins to CIGNA Group Insurance effective January 1, 1998. Mr. Stuckey's coverage was not subject to evidence of insurability at that time because it was part of the Group transfer of life insurance contracts. A transfer of life insurance contracts for existing coverage does not require medical testing.

Our medical underwriting department did address Mr. Stuckey's concerns regarding the medical underwriting review. I have enclosed a copy of that letter dated July 27, 2004.

I regret that my reply cannot be more favorable, as this is a group insurance plan we must follow the same guidelines for all participants. If you have any additional questions, please contact me at 610.997.7333, Monday through Friday from 8:00 a.m. to 4:00 p.m. Eastern time

Sincerely,

Audrey Miquel

Audrey Miquel
Enclosures

ARMSTRONG, GIBBONS & GNYS, LLP
ATTORNEYS AT LAW
THE PACKET BUILDING
155 SOUTH MAIN STREET, PROVIDENCE, RI 02903
TELEPHONE (401) 751-1500 - FAX (401) 751-4124
BRISTOL OFFICE TELEPHONE (401) 254-1500
E-MAIL firm@agglaw.com

JOSEPH G. KINDER
ROBERT W. SMITH*
ANDREW M. GILSTEIN
EDWARD L. GNYS
RALPH M. KINDER
CARL S. LEVIN*°

GABRIELLA G. GAAL*+°
CHRISTOPHER A. MURPHY*
*Also admitted in Massachusetts
+Also admitted in Connecticut
°Also admitted in District of Columbia

WALTER F. GIBBONS
(1917 - 2001)

EDWARD L. GNYS, JR.
(1929 - 2001)

June 20, 2007

Audrey Miquel
Customer Advocate
CIGNA Group Insurance
1455 Valley Center Parkway
Bethlehem, PA 18017-2288

RE Connecticut General Life Insurance Company
Group Policy Number: M104040
Group Policyholder: Bridgestone Americas
Certificate Number: 02-1270630
Insured Name: William J. Stuckey, Jr.

Dear Ms. Miquel:

Please be advised that this office represents the interests of William J. Stuckey, Jr. in connection with his Group Universal Life Insurance Policy. Enclosed please find a copy of the July 27, 2004 letter from CIGNA Group Insurance addressed to Mr. Stuckey. Also enclosed is a copy of your March 3, 2006 letter to the Rhode Island Department of Business Regulation, Insurance Division regarding CIGNA's position on the lapse in coverage of Mr. Stuckey's policy.

The coverage under the group life insurance policy lapsed due to non-payment and a request for reinstatement was denied based on Mr. Stuckey's medical exam. Your March 6, 2006 letter to the Rhode Island Insurance Division indicates that the premium notices were returned to CIGNA as not deliverable and the post office did not have a forwarding address for Mr. Stuckey. The letter does not state the address to which the premium notices were mailed. Where was the premium notice sent and where did CIGNA obtain that address?

Mr. Stuckey notified Bridgestone of his new mailing address in 1998. Bridgestone's Annual Statement of Benefits was mailed to his correct mailing address in 2000 and 2001. Mr. Stuckey retired from Bridgestone on September 28, 2002. He notified the appropriate person in

the human resources department regarding his retirement. He received a CIGNA Health Care Benefit Plan booklet in December, 2003 at his current address. Bridgestone/Firestone Pension sent Mr. Stuckey his Form 1099-R to the correct address for the years 2003 and 2004. As Mr. Stuckey has received numerous mailings from Bridgestone and CIGNA since 1998, it is obvious that he completed the proper paperwork to advise his company of his proper mailing address. The question remains as to why CIGNA Group Insurance did not have his correct mailing address?

Your March 6, 2006 letter to the Rhode Island Insurance Division states: "November 5, 2002 - Mr. Stuckey's coverage was converted to a direct bill at home basis. A bill was mailed on this date for the months of July 2002 through December 2002." Who requested that Mr. Stuckey's coverage be converted to a direct bill at home basis? Was any paperwork exchanged between Bridgestone and CIGNA to accomplish that conversion? Do you have copies of that paperwork? If so, what address did Bridgestone provide to CIGNA as to the where the bill should be sent? When CIGNA received the returned correspondence and billing notices from the post office, did CIGNA contact Bridgestone to confirm Mr. Stuckey's address?

The lapse in coverage of the group universal life insurance policy for non payment of the premium was not due to any act or failure to act by Mr. Stuckey. The lapse in coverage was due to the negligence of Bridgestone and CIGNA Group Insurance. If we do not receive answers to our questions and the policy is not reinstated within the next ten (10) days Mr. Stuckey will file litigation to have the policy reinstated. If you have any questions or wish to discuss this matter please contact me.

Very truly yours,

Gabriella G. Gaal

cc: Bridgestone/Firestone
William J. Stuckey, Jr.

Be <01 SCREEN ID POLICY INQUIRY SYS: UBLI CICSGULL

POL NUMB 02 1270630 IMAGE I XX0000 01 LINE NUMBER 01

CERT NUMBER: 1270630 INSURED:WILLIAM J STUCKEY JR ISS AGE: 49

POLICY #: M104040 OWNER: WILLIAM J STUCKEY JR DOB:

BILL LOC: 011600 OWNER ADD1: 2008 MINERAL SPRING SEP 22, 1948

EMPLOYEE #: 037323867 ADD2: AVE

SOC SEC #: 037323867 ADD3: NORTH PROVIDENCE RI ZIP: 02911

BENEFICIARY: PRI-ALISSA STUCKEY/DTR;CON-CHERYL A SILVA/SISTER

***DATES*** NON-SMOKER ***BILLING INFO/AMOUNTS***

CERT EFFECTIVE: JAN 1, 1998 DIRECT BILL QUARTERLY

POLICY EFFECTIVE: JAN 1, 1998 ACTION DATE-2: DEC 9, 2002

BILLED TO DATE: APR 1, 2003 YES MODAL PREM: $162.99

LAST FUND VAL: JUL 5, 2002 CERT SUSP: $0.00

LAST MPR: JUN 1, 2002 PREM BILL: $587.25

PLAN CHG DATE: CURR INVEST: $0.00

PORTABLE: B NOV 5, 2002 FUND BALANCE: $0.00

LAST SURRENDER: JUL 1, 2002 HOLD PREM: $212.13

FREEZE: STATUS: H TERM: Y LOAN BALANCE: $0.00

TARGET %: 0 RESTRICT CODE: LAST PREM PD: $70.70

AUTO INCR: M SMOKER STATUS: P404N LAST PREM DT: JUL 5, 2002

COMPANION #: UW CLASS: G MTHLY FLAT SIDE AMT: $0.00

TOTAL FACE: $0.00 PREM TYPE: I CHILD RIDER: NOT APPLICABLE

TOTAL ADB AMT: $0.00 OPTION: INCREASING DEATH BENEFIT (OPTION B)

* PALM SYSTEM POLICY INQUI - PNQ4 - INSURANCE RIDERS SYS: UDEI CICSGULL
PNQ4 <-02-ENTER DESIRED FORMAT
02 1270630 _ <-03-CO., POLICY, & SUFFIX

| | | | | | |
|---|---|---|---|---|---|
| INS | WILLIAM J | STUCKEY JR | | AGENT | |
| PAYOR | WILLIAM J | STUCKEY JR | METHOD 1 | SVC | |
| OWNER | WILLIAM J | STUCKEY JR | MODE 03 | CONTRACT | 02 G0404 01 |

| RDR | CO | PLAN | VR | TYP | AGE | SEX | ISSUE DATE | DUR | EXP DATE | STAT | | INSURED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 02 | P404N | 01 | I | 49 | M | 01/01/1998 | 051 | 01/09/2003 | H | W | STUCKEY JR |
| 002 | 02 | C0404 | 01 | 6 | 05 | M | 01/01/1998 | 051 | 01/09/2003 | H | | |

| RDR | FACE AMOUNT | BASE MONTHLY DED | UNIT PREM | DEATH BEN | RATD | TMP | PERM | WP | ADB |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 210,000.00 | .00 | .326420 | 210000.65 | 000 | | | 8 | |
| 002 | 10,000.00 | .97 | .097020 | 10000.00 | 000 | | | | |