# Exhibit 14

## Affidavit of Renee Worst (the “Worst Affidavit”)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. STUCKEY, JR., Plaintiff | ) | |
| | ) | C.A. No. 07-310/ML |
| v. | ) | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. and JOHN DOE, Defendants | ) | |

AFFIDAVIT OF RENEE WORST

COMMONWEALTH OF PENNSYLVANIA )
) ss:
COUNTY OF ALLEGHENY )

Renee Worst, being duly sworn, says:

1. I am an Operations Representative for Connecticut General Life Insurance Company ("CGLIC") and am over the age of 18. My responsibilities include providing direction to lower level claims processors regarding policies, procedures, work production quantity and quality; using independent judgment and discretion to review and resolve complex claims issues.

2. I have reviewed and am familiar with the records of CGLIC pertaining to group life insurance coverage for the plaintiff William J. Stuckey.

3. Plaintiff was a long-time employee of Bridgestone Americas Holding, Inc., f/k/a Bridgestone/Firestone Americas Holding, Inc. ("Bridgestone/ Firestone").

4. During his employment at Bridgestone/Firestone, plaintiff purchased through payroll deductions coverage under a group universal life insurance policy.

5. CGLIC issued a Group Flexible Premium Adjustable Life Insurance Policy to the Trustee of the National Employer Group Insurance Trust. Bridgestone/ Firestone is a participating employer in the Trust. Terms of coverage are summarized in the certificate appended hereto as Exhibit A.

6. CGLIC in August, 2002 noted that no premiums were payroll deducted for plaintiff's life insurance coverage for the previous month. Consequently, it sent a premium bill directly to plaintiff at his address of record – the Slatersville, Rhode Island address. The postal service returned that bill to CGLIC as being undeliverable.

7. CGLIC in September, 2002 again noted that no premiums were payroll deducted for plaintiff's life insurance coverage for the previous month. It again sent a premium bill directly to plaintiff at his address of record – the Slatersville, Rhode Island address. The postal service returned that bill to CGLIC as being undeliverable.

8. CGLIC was informed by Bridgestone/Firestone in November, 2002 that premiums for plaintiff's life insurance coverage would no longer be payroll deducted because plaintiff had been placed on a "leave of absence" status.

9. CGLIC on November 5, 2002 mailed a notice of premiums due to plaintiff at his address of record (Slatersville, Rhode Island) for the months of July through December, 2002.

10. CGLIC on December 10, 2002 mailed a reminder notice of premiums due to plaintiff at his address of record (Slatersville, Rhode Island) for the months of July, 2002 through March, 2003. This notice alerted plaintiff that payment must be received by December 28, 2002 or his coverage would lapse.

11. Plaintiff never informed CGLIC of his change of address.

12. The premium notices CGLIC mailed to plaintiff were returned by the post office as being undeliverable, with no forwarding address on file.

13. CGLIC last received a premium payment for plaintiff's coverage in June, 2002.

14. The Net Cash Value of plaintiff's coverage as of June, 2002 was $0.

15. Plaintiff's coverage lapsed on January 9, 2003 due to the non-payment of premiums.

16. On or about October 17, 2003 plaintiff contacted CGLIC about the status of his group life coverage; he was advised that coverage had lapsed due to the non-payment of premiums.

17. Plaintiff requested reinstatement of life insurance coverage from CGLIC and underwent a medical examination.

18. CGLIC advised plaintiff on or about July 27, 2004 that his request for reinstatement of coverage was denied because of the results of his medical examination.

Renee Worst

Subscribed and sworn to before
me on this 8th day of July 2008.

NOTARY PUBLIC
My Commission Expires 08/30/2011

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Michael Dean James, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Aug. 30, 2011
Member, Pennsylvania Association of Notaries

CERTIFICATE OF SERVICE

TO:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street – Suite 301
Providence, RI 02903

Jason D. Fisher, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street – Suite 2700
Nashville, TN 37219

James A. Ruggieri, Esq.
Samuel C. Bodurtha, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

I hereby certify that I electronically filed the within Affidavit of Renee Worst on July 11, 2008. The Affidavit is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten