# Exhibit 7

## Connecticut General Life Insurance Company's response to Plaintiff's request for the production of documents

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. STUCKEY, JR., Plaintiff | ) | C.A. No. 07-310/ML |
| v. | ) | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. and JOHN DOE, Defendants | ) | |

**DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S ANSWERS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST NO. 1:

Documents evidencing correspondence by and between Plaintiff and Defendant regarding Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 2:

Documents evidencing correspondence by and between Plaintiff and Defendant regarding changes of the beneficiary of Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 3:

Documents evidencing correspondence by and between Plaintiff and Defendant regarding the conversion of Plaintiff's CGLIC life insurance policy from payroll deduction to direct pay.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 4:

Documents evidencing correspondence by and between Plaintiff and Defendant regarding changes in Plaintiff's mailing address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 5:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding Plaintiff's CIGNA health insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 6:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 7:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding changes of the beneficiary of Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 8:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding the conversion of Plaintiff's CGLIC life insurance policy from payroll deduction to direct pay.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 9:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding changes in Plaintiff's mailing address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 10:

Documents evidencing correspondence by and between CIGNA health insurance and Defendant regarding Plaintiff's mailing address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 11:

Documents evidencing correspondence by and between CIGNA health insurance and Defendant regarding Plaintiff's medical condition.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 12:

Documents that have been mailed by Defendant to Plaintiff that were returned as being undeliverable.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 13:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding Plaintiff's CIGNA health insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 14:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 15:

Documents evidencing correspondence by and between Defendant and any person other than Plaintiff and Bridgestone regarding Plaintiff's CIGNA health insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent

that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 16:

Documents evidencing correspondence by and between Defendant and any person other than Plaintiff or Bridgestone regarding Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 17:

Documents evidencing correspondence by and between Defendant and any person other than Plaintiff or Bridgestone regarding the conversion of Plaintiff's CGLIC life insurance policy from payroll deduction to direct pay.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 18:

Documents evidencing correspondence by and between Defendant and any person other than Plaintiff or Bridgestone regarding changes in Plaintiff's mailing address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 19:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding changes of the beneficiary of Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 20:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding the conversion of Plaintiff's CGLIC life insurance policy from payroll deduction to direct pay.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

<u>REQUEST NO. 21</u>:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding any changes in Plaintiff's mailing address.

<u>RESPONSE</u>:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

<u>REQUEST NO. 22</u>:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding termination of Plaintiff's CGLIC life insurance policy.

<u>RESPONSE</u>:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

<u>REQUEST NO. 23</u>:

Documents evidence correspondence by and between Bridgestone and Defendant regarding the termination of Plaintiff's CGLIC life insurance policy.

<u>RESPONSE</u>:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 24:

Documents evidencing correspondence by and between Plaintiff and Defendant regarding the termination of Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 25:

Documents evidencing correspondence by and between Defendant and any person other than Plaintiff or Bridgestone regarding the termination of Plaintiff's CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 26:

Documents evidencing correspondence by and between any employee, representative, or agent of Defendant regarding Plaintiff's medical condition of diabetes.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent

that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 27:

Documents evidencing the mailing of the annual certificate reports for Plaintiff's CGLIC life insurance policy to Plaintiff.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 28:

Documents evidencing the mailing of all correspondence to plaintiff.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 29:

Documents evidencing payments made by Plaintiff for his CGLIC life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 30:

Documents evidencing correspondence by and between Johnson & Higgins, Inc. and Defendant regarding Plaintiff's CIGNA life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 31:

Documents provided by Johnson & Higgins, Inc. relating to and/or regarding Plaintiff's group life insurance policy with Johnson & Higgins, Inc.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 32:

Documents evidencing notification to plaintiff of the transfer of Plaintiff's group life insurance policy from Johnson & Higgins, Inc. to Defendant.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Johnson & Higgins is an insurance broker. It did not insure the policy in question. See administrative record previously produced.

REQUEST NO. 33:

Documents evidencing payments made by Plaintiff to Johnson & Higgins, Inc. for his group life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 34:

Documents evidencing correspondence by and between Defendant and any person relating to and/or regarding the allegations set forth in the Plaintiff's complaint and Defendant's defenses to the complaint.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 35:

Documents evidencing billing notices sent by Defendant to Plaintiff relating to and/or regarding Plaintiff's CIGNA life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 36:

Documents evidencing correspondence by and between Defendant and any State or other governmental agency regarding Plaintiff's CIGNA life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 37:

Plaintiff's CIGNA life insurance policy file from the date of inception to the present date.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 38:

Documents evidencing Defendant's efforts to obtain plaintiff's mailing address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 39:

Manuals, handbooks, reference guides, protocols, circulars, instructions and any other information distributed to and/or made available by or on behalf of Defendant referencing

and/or containing information concerning the obligation of Defendant to obtain a life insurance policy holder's current address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant has no obligation to verify the correct address of an insured. It is the insured's responsibility to update defendant about any change in address. See administrative record previously produced.

REQUEST NO. 40:

Manuals, handbooks, reference guides, protocols, circulars, instructions and any other information distributed to and/or made available by or on behalf of Defendant referencing and/or containing information concerning the obligation of Defendant to obtain a life insurance policy holder's current address when mail sent to a policy holder has been returned to Defendant as undeliverable.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant has no obligation to verify the correct address of an insured. It is the insured's responsibility to update defendant about any change in address. See administrative record previously produced.

REQUEST NO. 41:

Manuals, handbooks, reference guides, protocols, circulars, instructions and any other information distributed to and/or made available by or on behalf of Defendant referencing and/or containing information concerning the obligation of Defendant to mail the annual certificate to CGLIC life insurance policy holders.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 42:

Documents prepared by or on behalf of Defendant concerning Plaintiff's complaint filed with the Rhode Island Department of Business Regulation.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 43:

Documents prepared by any person other than the Defendant concerning the allegations set forth in Plaintiff's complaint.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. CGLIC also objects to this request to the extent that it seeks information protected by the attorney client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 44:

Documents relied upon by Defendant in preparing its answers to Plaintiff's Interrogatories.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. CGLIC also objects to this request to the extent that it seeks information protected by the attorney client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 45:

Documents that support the allegations contained in the Plaintiff's complaint.

RESPONSE:

Objection. This request is overly broad.

REQUEST NO. 46:

Documents that refute the allegations contained in the Plaintiff's complaint.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. CGLIC also objects to this request to the extent that it seeks information protected by the attorney client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 47:

Reports from each expert whom the Defendant or its attorneys intends to call as a witness at trial.

RESPONSE:

Objection. This interrogatory exceeds the scope of discovery permitted under F.R.C.P. 26. Without waiving this objection, CGLIC has not yet determined what witnesses may testify on its behalf at trial. It reserves the right to supplement this answer at a later date.

REQUEST NO. 48:

Curriculum vitae of any expert Defendant or its attorneys intend to have testify, either in person or by affidavit, at trial on this matter.

RESPONSE:

Objection. This interrogatory exceeds the scope of discovery permitted under F.R.C.P. 26. Without waiving this objection, CGLIC has not yet determined what witnesses may testify on its behalf at trial. It reserves the right to supplement this answer at a later date.

REQUEST NO. 49:

Documents relating to and/or regarding claims made by any person against Defendant wherein the Defendant terminated a life insurance policy when direct billing statements mailed to a policy holder were returned to Defendant.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 50:

Diary or journal entries made by Defendant regarding its efforts to obtain Plaintiff's mailing address.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 51:

Diary or journal entries made by Defendant regarding each mailing to Plaintiff.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 52:

Documents that Defendant intends to introduce at trial.

RESPONSE:

Objection. This request exceeds the scope of discovery permitted under F.R.C.P. 26. Without waiving this objection, CGLIC has not yet determined what documents it intends to introduce at trial. CGLIC will disclose this information as required in its pretrial memorandum.

REQUEST NO. 53:

Documents that support Defendant's affirmative defenses.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record and policy previously produced.

REQUEST NO. 54:

Documents establishing that Plaintiff's CIGNA life insurance policy was an ERISA plan.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant CGLIC concedes that plaintiff's life insurance policy is not an ERISA plan.

REQUEST NO. 55:

Signed and unsigned written statements made by any person relating to and/or regarding the allegations set forth in Plaintiff's complaint and Defendant's defenses to the complaint.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. CGLIC also objects to this request to the extent that it seeks information protected by the attorney client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 56:

Oral statements made by any person relating to and/or regarding the allegations set forth in Plaintiff's complaint and Defendant's defenses to the complaint.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. CGLIC also objects to this request to the extent that it seeks information protected by the attorney client and/or work product privileges. Without waiving this objection, see administrative record and policy previously produced.

REQUEST NO. 57:

Stenographic, mechanical, electrical or other recordings or any transcription thereof which have statements made by any person relating to and/or regarding the allegations set forth in Plaintiff's complaint and the Defendant's defenses to the complaint.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. CGLIC also objects to this request to the extent that it seeks information protected by the attorney client and/or work product privileges. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 58:

Documents relating to Plaintiff's request for reinstatement of his CIGNA life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 59:

Termination letters sent by Defendant to Plaintiff.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 60:

Manuals, handbooks, reference guides, protocols, circulars, instructions and any other information distributed to and/or made available by or on behalf of Defendant referencing and/or containing information concerning the obligation of Defendant to continue to provide life insurance for Plaintiff after Defendant had assumed Plaintiff's life insurance policy from

Johnson & Higgins, Inc. even though Plaintiff had diabetes at the time that Johnson & Higgins, Inc. wrote the policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 61:

Correspondence by and between Plaintiff and Defendant regarding Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 62:

Documents evidencing correspondence by and between Plaintiff and Defendant regarding changes of the beneficiary of Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 63:

Documents evidencing copies of correspondence by and between Bridgestone and Defendant regarding Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 64:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding changes of the beneficiary of Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 65:

Documents that have been mailed by Defendant to Plaintiff and were returned as being undeliverable.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none.

REQUEST NO. 66:

Plaintiff's CGLIC life insurance policy file.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record and policy previously produced.

REQUEST NO. 67:

Plaintiff's company provided basic life insurance policy.

RESPONSE:

See answer to request no. 66.

REQUEST NO. 68:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 69:

Documents evidencing correspondence by and between Bridgestone and Defendant regarding changes of the beneficiary of Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

See response to request no. 64.

REQUEST NO. 70:

Documents evidencing correspondence by and between any employee, representative or agent of Defendant regarding beneficiary changes to Plaintiff's CIGNA company provided basic life insurance policy.

RESPONSE:

See answer to request no. 68.

REQUEST NO. 71:

Documents evidencing the mailing of the annual certificate reports for Plaintiff's CIGNA company provided basic life insurance policy to Plaintiff.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO.72:

Plaintiff's CIGNA company provided basic life insurance policy file from the date of inception to the present date.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 73:

Documents returned to Defendant as noted in the entry by C Gerrick/D dated July 20, 1998 in Exhibit "A" attached hereto.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 74:

Documents returned to Defendant as noted in the entry by D Paul/B dated September 5, 2002 in Exhibit "A" attached hereto.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 75:

Documents returned to Defendant as noted in the entry by L Santana/T dated October 18, 2002 in Exhibit "A" attached hereto.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, see administrative record previously produced.

REQUEST NO. 76:

Documents that support Defendant's fifth affirmative defense.

RESPONSE:

See response to request no. 53.

REQUEST NO. 77:

Documents that support Defendant's third affirmative defense.

RESPONSE:

See response to request no. 53.

REQUEST NO. 78:

Documents that support Defendant's fourth affirmative defense.

RESPONSE:

See response to request no. 53.

REQUEST NO. 79:

Documents that support Defendant's sixth affirmative defense.

RESPONSE:

See response to request no. 53.

REQUEST NO. 80:

Documents that support Defendant's eighth affirmative defense.

RESPONSE:

See response to request no. 53.

REQUEST NO. 81:

Documents relating to and/or regarding claims made by any person against Defendant wherein the Defendant terminated a life insurance policy when a notice of cancellation mailed to a policy holder was returned to Defendant.

RESPONSE:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Connecticut General Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: April 10, 2008

CERTIFICATE OF SERVICE

To:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Defendant Connecticut General Life Insurance Company's Answers to Plaintiff's Requests for Production of Documents by mailing first class mail, postage prepaid, on the 10th day of April, 2008.