# Exhibit 13

## Connecticut General Life Insurance Company's answers to Plaintiff's interrogatories

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. STUCKEY, JR., Plaintiff<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, BRIDGESTONE AMERICAS HOLDING, INC., f/k/a BRIDGESTONE/ FIRESTONE AMERICAS HOLDING, INC. and JOHN DOE, Defendants | ) | C.A. No. 07-310/ML |

**DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

INTERROGATORY NO. 1:

Identify yourself fully, giving your name, residence address, business address, occupation, position with the Defendant, the period of time within which you have held such position and the authority by which you answer these interrogatories.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests information protected by the attorney client and/or work product privilege and because it requests Ms. Worst's address. Without waiving this objection,

Renee Worst
Group Claims Specialist
Connecticut General Life Insurance Company

Ms. Worst is authorized by CGLIC to answer these interrogatories on its behalf. She may be contacted through counsel.

INTERROGATORY NO. 2:

State the name and address of each person believed or known by Defendant, or anyone acting on behalf of Defendant, that has any knowledge concerning this matter that is the subject of this lawsuit and the events leading to it.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, pursuant to F.R.C.P 33(d), see administrative record previously produced to plaintiff.

INTERROGATORY NO. 3:

For the individuals listed in answer to Interrogatory No. 2, set forth a detailed summary of the information known by each such person.

ANSWER:

Objection. This interrogatory requests information protected by the work product privilege. Without waiving this objection, pursuant to F.R.C.P 33(d), see administrative record previously produced to plaintiff.

INTERROGATORY NO. 4:

List the name and address of any person whom Defendant has consulted, retained or who will testify as an expert on behalf of Defendant; specify which of the witnesses Defendant or its attorneys expect to testify as an expert witness on behalf of Defendant. For each such witness please set forth:

a) his/her qualifications and his/her field of specialization, including details as to his/her education and dates thereof and details as to his/her personal experience and his/her field of specialization including the dates thereof and the manner of acquiring his/her experience in his/her specialty;

b) his/her resident and business address;

c) for each such expert, state the substance and the facts to which the expert is expected to testify;

d) set forth the summary and the factual grounds of each opinion including any text or other manual or regulation upon which the expert relies.

ANSWER:

Objection. This interrogatory exceeds the scope of discovery permitted under F.R.C.P. 26. Without waiving this objection, CGLIC has not yet determined what experts may testify on its behalf at trial. It reserves the right to supplement this answer at a later date.

INTERROGATORY NO. 5:

State the time, place and substance of any conversations that the Plaintiff had with Defendant relating to the matter which is the subject of this lawsuit or in any way relating to the allegations that are the subject of Plaintiff's complaint or Defendant's defenses to the complaint.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, pursuant to F.R.C.P 33(d), see administrative record previously produced to plaintiff.

INTERROGATORY NO. 6:

State whether or not a statement or deposition, including statement voice recordings, was taken from any person in connection with this matter; setting forth the date such statement or deposition was taken, by whom it was taken, and from whom it was taken, including any statement or report made by anyone and whether or not it is signed.

ANSWER:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, pursuant to F.R.C.P 33(d), see administrative record previously produced to plaintiff.

INTERROGATORY NO. 7:

Identify each and every document upon which Defendant bases its defenses to Plaintiff's complaint. Please set forth the name and address of the individual who has possession of each and every document referenced.

ANSWER:

Objection. This request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant CGLIC also objects to this request to the extent that it seeks information protected from discovery by the attorney-client and/or work product privileges. Without waiving this objection, pursuant to F.R.C.P 33(d), see administrative record previously produced to plaintiff. Discovery is ongoing. Defendant reserves the right to supplement this response at a later date.

INTERROGATORY NO. 8:

Please state the name and address of each person whom Defendant or its attorneys intend to call as a witness at the trial of this matter.

ANSWER:

Objection. This interrogatory exceeds the scope of discovery permitted under F.R.C.P. 26. Without waiving this objection, CGLIC has not yet determined what witnesses may

testify on its behalf at trial. CGLIC will produce this information as required in the pretrial memorandum.

INTERROGATORY NO. 9:

State the name and address of each person who helped in any way in preparing Defendant's answers to these Interrogatories, and also provide their business job, title incapacity, and a brief description of their employment duties and responsibilities.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests information protected by the attorney client and/or work product privileges and because it requests Ms. Worst's address. Without waiving this objection:

Renee Worst
Group Claims Specialist
Connecticut General Life Insurance Company

Ms. Worst provides direction to lower level claims processors regarding policies, procedures, work production quantity and quality. She ensures all claims eligible or ineligible for payment conform to quality, production standards and specifications. She oversees documentation of claims and billing forms to support claims decisions. Ms. Worst may be contacted through counsel.

INTERROGATORY NO. 10:

Provide the full name, address and position with Defendant of the person identified as "C Gerrick/D" as set forth in Exhibit "A" attached hereto.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests an individual's address. Without waiving this objection, Chris Gerrick is no longer employed by CGLIC.

INTERROGATORY NO. 11:

Set forth in detail what efforts were undertaken by Defendant to obtain Plaintiff's mailing address after documents were returned to Defendant as noted in the entry by C Gerrick/D dated July 20, 1998 as set forth in Exhibit "A" attached hereto, including therewith the name, address and position with Defendant of each such person involved in the efforts to obtain Plaintiff's mailing address.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the ground that it requests addresses of individuals. Without waiving these objections, none. Defendant has no obligation to verify the correct address of an insured. It is the insured's responsibility to update CGLIC about any change in address.

INTERROGATORY NO. 12:

If no effort was made to obtain Plaintiff's mailing address after documents were returned to Defendant as noted in the entry by C Gerrick/D dated July 20, 1998 as set forth in Exhibit "A" attached hereto, please explain why no such effort was undertaken and the name, address and position with Defendant of the person who determined that no such effort was to be undertaken to obtain Plaintiff's mailing address.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the ground that it requests addresses of individuals. Without waiving these objections, defendant has

no obligation to verify the correct address of an insured. It is the insured's responsibility to update CGLIC about any change in address.

INTERROGATORY NO. 13:

Provide the full name, address and position with Defendant of the person identified as "D Paul/B" as set forth in Exhibit "A" attached hereto.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests an address. Without waiving this objection, CGLIC cannot find the full name of the individual named "D Paul." He or she is no longer employed by CGLIC.

INTERROGATORY NO. 14:

Provide the name, address and employer of the person who advised D Paul/B that Plaintiff was on a leave of absence as set forth in the entry dated July 18, 2002 in Exhibit "A" attached hereto.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests an individual's address. Without waiving this objection, CGLIC does not know of the person who advised Mr. Paul that plaintiff was on a leave of absence.

INTERROGATORY NO. 15:

Provide the mailing address to which correspondence was sent to Plaintiff that was returned to Defendant as noted in the entry by D Paul/B dated September 5, 2002 as set forth in Exhibit "A" attached hereto.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the address that CGLIC had on file for plaintiff at the time his 2001 and 2002 annual reports were mailed was 203 Holly Lane, Woonsocket, RI.

INTERROGATORY NO. 16:

Provide the full name, address and position with Defendant of the person identified as "L Santana/T" as set forth in Exhibit "A" attached hereto.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests an address. Without waiving this objection, CGLIC cannot find the full name of the individual named "L Santana." He or she is no longer employed by CGLIC.

INTERROGATORY NO. 17:

Set forth in detail what efforts were undertaken to obtain Plaintiff's mailing address after documents were returned to Defendant as noted in the entry by D Paul/B dated September 5, 2002 and the entry by L Santana/T dated October 18, 2002 as set forth in Exhibit "A" attached hereto, including therewith the name, address and position with Defendant of each such person involved in the efforts to obtain Plaintiff's mailing address.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the ground that it requests addresses of individuals. Without waiving these objections, defendant has

no obligation to verify the correct address of an insured. It is the insured's responsibility to update CGLIC about any change in address.

INTERROGATORY NO. 18:

If no effort was made to obtain Plaintiff's mailing address after documents were returned to Defendant as noted in the entry by D Paul/B dated September 5, 2002 and the entry by L Santana/T dated October 18, 2002 as set forth in Exhibit "A" attached hereto, please explain why no such effort was undertaken and the name, address and position with Defendant of the person who determined that no such effort was to be undertaken to obtain Plaintiff's mailing address.

ANSWER:

Objection. This interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the ground that it requests addresses of individuals. Without waiving these objections, defendant has no obligation to verify the correct address of an insured. It is the insured's responsibility to update CGLIC about any change in address.

INTERROGATORY NO. 19:

Provide the name, address and employer of the person identified as "Ray" who advised D Paul/B that Plaintiff was on a leave of absence as set forth in the entry dated November 5, 2002 in Exhibit "A" attached hereto.

ANSWER:

CGLIC objects to this interrogatory to the extent that it requests an individual's address. Without waiving this objection, CGLIC does not know who "Ray" is as referred to in this interrogatory.

INTERROGATORY NO. 20:

Provide a detailed explanation why Defendant did not reinstate Plaintiff's CGLIC life insurance policy even though Defendant was aware that Johnson & Higgins, Inc. had written a policy for Plaintiff at a time when Johnson & Higgins, Inc. was aware that Plaintiff had been diagnosed with diabetes.

ANSWER:

Objection. This interrogatory is overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Johnson & Higgins is an insurance broker. It did not insure the policy at issue in this case.

As a general matter, a transfer of life insurance contracts for existing coverage does not require medical testing. When coverage lapses, however, and reinstatement is requested, a medical review must take place. This includes providing evidence of insurability that will satisfy CGLIC's underwriting requirements. Mr. Stuckey's coverage lapsed and he requested reinstatement. As part of CGLIC's underwriting review of Mr. Stuckey, it received his paramedical exam in which he admitted to having been diagnosed with diabetes in 1975. Based on this information, plaintiff was placed in an underwriting category whose overall mortality exceeded its limits for group life insurance coverage. For this reason, CGLIC declined his request for reinstatement.

INTERROGATORY NO. 21:

Describe in detail Defendant's policy, protocol, instructions, or guidelines concerning the obligation of Defendant to obtain a policy holder's mailing address when a notice of cancellation sent to a policy holder has been returned to Defendant.

ANSWER:

Objection. This interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none. Defendant has no obligation to verify the correct address of an insured. It is the insured's responsibility to update CGLIC about any change in address.

INTERROGATORY NO. 22:

Describe in detail Defendant's policy, protocol, instructions, or guidelines concerning the obligation of Defendant to obtain a policy holder's mailing address when a request for payment sent to a CGLIC life insurance policy holder who is on direct pay has been returned to Defendant.

ANSWER:

Objection. This interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none. Defendant has no obligation to verify the correct address of an insured. It is the insured's responsibility to update CGLIC about any change in address.

INTERROGATORY NO. 23:

Provide a detailed explanation of how Defendant gave notice to Plaintiff of the cancellation of his CGLIC life insurance policy, including the address to which the correspondence was sent and the name, the date it was mailed and the address and position with Defendant of the person who mailed the notice of cancellation.

ANSWER:

CGLIC automatically sends first and second requests for payment of premiums prior to coverage lapsing. Each bill is mailed to the address on file at the time of billing. The

address that CGLIC had on file for plaintiff at the time his 2001 and 2002 annual reports were mailed was 203 Holly Lane, Woonsocket, RI. A bill was mailed to Mr. Stuckey on August 19, 2002. On September 5, 2002, the bill was returned to CGLIC as undeliverable. On September 18, 2002, another bill was sent to Mr. Stuckey. On October 18, 2002 the bill as returned to CGLIC again with the notation "address unknown."

INTERROGATORY NO. 24:

Describe in detail Defendant's policy, protocol, instructions, or guidelines concerning the manner in which Defendant is to give written notice of cancellation to a CGLIC life insurance policy holder.

ANSWER:

Objection. This interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, there are no such policies, instructions or guidelines. Cancellation notices are sent automatically to the address on file at the time the notice is generated.

INTERROGATORY NO. 25:

Provide a detailed explanation in support of Defendant's fifth affirmative defense that Plaintiff's remedies are limited solely to those afforded by ERISA.

ANSWER:

Objection. This interrogatory calls for conclusions of law. Without waiving this objection, defendant concedes that plaintiff's claims are not subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.

As to objections:

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendant Connecticut General Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: April 11, 2008

VERIFICATION

STATE OF PA )
) ss:
COUNTY OF Allegheny )

Renee Worst, being duly sworn, says:

1. I am a Operations Representative for Connecticut General Life Insurance Company.

2. I have reviewed the foregoing answers to interrogatories and believe these answers to be correct based on the information available to me.

3. I am authorized by Connecticut General Life Insurance Company to execute this verification on its behalf.

Subscribed and sworn to before me
on this 8 day of April, 2008.

NOTARY PUBLIC
My Commission Expires 08/30/2011

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Michael Dean James, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Aug. 30, 2011
Member, Pennsylvania Association of Notaries

CERTIFICATE OF SERVICE

To:

Carl S. Levin, Esq.
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, RI 02903

James A. Ruggieri, Esq.
Samuel C. Bodurtha, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Defendant Connecticut General Life Insurance Company's Answers to Plaintiff's Interrogatories by mailing first class mail, postage prepaid, on the 11th day of April, 2008.

Lisa A. Lariviere